## Herdic *versus* Woodward.

1. In an action of debt a judgment was entered for want of a sufficient affidavit of defence; on motion of plaintiff, the court ordered the judgment to be stricken off, and permitted the plaintiff to change the form of action. *Held*, that the action was pending and the court had power to make the order.

2. The court has power to set aside a judgment by default at the instance of the plaintiff who has been proceeding in mistake.

3. When the judgment is stricken off, the action stands as before judgment, and may be amended.

4. A vendee filed a bill for specific performance of a contract for the sale of land, part of the purchase-money payable cash and the remainder in ten annual instalments, the first to be paid on the 1st of April 1865; a decree of conveyance was made, the vendee to secure the balance of the purchase-money, to be ascertained by a master; he reported that $1139 should "be deducted from the balance of the purchase-money and interest due, leaving a balance of $6204," &c. This report was confirmed, and the vendee decreed to pay the $6204 on the 1st of April 1871. *Held*, "balance due" meant the amount due April 1st 1871, and not the balance of the whole purchase-money.

5. The vendor having filed a deed according to the decree, brought covenant for a subsequent instalment. *Held*, that the vendee having failed to take the deed and to comply with the decree in his favor on his bill, could not contest the action of covenant, that being the only means to enforce payment of the remaining instalments.

March 23d 1874. Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lycoming county:* Of January Term 1873. No. 120.

25 P. F. SMITH—31

[Herdic *v.* Woodward.]

On the 18th of December 1872, John V. Woodward brought an action of debt against Peter Herdic.

The plaintiff filed the following statement of his claim:—

"April 1st 1872.　Instalment due . . . . . . . . $900

"Interest from April 1st 1865."

An affidavit of defence was filed by the defendant, setting out that he had filed a bill in the equity side of the court for the specific performance of the contract on which this suit was brought, that specific performance had been decreed, and the defendant ordered to convey to the plaintiff the land mentioned in the bill and contract, the plaintiff securing the balance of the purchase-money according to the stipulations in the contract, this balance to be ascertained by a master in case the parties should disagree. On appeal from this decree to the Supreme Court it was affirmed. The master afterwards reported that the balance was $6204.53. On the coming in of his report the court, on the 8th of March 1871, decreed that, Woodward having executed a deed in conformity with the decree of the court, Herdic pay to Woodward $6204.53 on or before the 1st of April 1871; that this decree, on appeal to the Supreme Court, was affirmed. The affidavit averred that this was a final decree, and that upon the return of the record Herdic had paid to Woodward the above-mentioned sum of $6204.53, with interest, &c., in full satisfaction of the money due him "in specific execution of the contract according to the decrees of the court." The affidavit further averred that Woodward at the commencement of this suit had no cause of action against him, and that if there had been any balance due him, his only remedy was "in the equity suit before referred to, but which is now fully foreclosed by the final decree of the Supreme Court."

On the 29th of August 1871, the court entered judgment for the plaintiff for want of a sufficient affidavit of defence.

On the 3d of September 1872, on motion of Woodward's attorneys, the judgment for want of a sufficient affidavit of defence was stricken off, "and the cause is restored to the condition in which it appeared upon the record at and immediately before the entry of said judgment."

On the 18th of September 1872, the court granted leave to the plaintiff to change his form of action to covenant.

The plaintiff filed a declaration in covenant, viz.:—

That on the 22d of August 1864, Woodward and Herdic entered into an agreement in writing by which it was agreed that Woodward should sell to Herdic his farm for $22,000, of which $5000 were to be paid at the time of the purchase and the balance in ten annual payments, with interest, &c.; that by other articles of agreement on the 24th of December 1864, between the same parties, it was agreed that the first contract should be modified, that in lieu of the payment of $5000 cash Woodward should accept

[Herdic v. Woodward.]

$5000 in bank-stock, and the balance of the purchase-money in ten equal annual payments; Woodward to have the privilege of reserving 12 acres from the land theretofore contracted to be conveyed to Herdic; the value of the 12 acres to be ascertained by three persons named in the agreement, the sum found by these referees to be credited on the contract, and the balance of the purchase-money which should still remain " to be divided and paid in ten equal annual instalments, with interest," &c.; the deed to be executed on or before the 1st day of April then next, and the balance of the purchase-money * * * to be secured by the said Herdic by bond and mortgage on the premises, with other stipulations not important to mention; that the value of the 12 acres retained by Woodward and the $5000 paid in bank-stock "left * * * remaining the sum of $9000, which by the terms of the agreement was to be paid in ten equal annual instalments, with interest," &c.; that Herdic had not paid the instalment of $900 due April 1st 1872, and had broken his covenant by failing to pay " the said sum of $900."

The plaintiff Woodward filed a statement, viz:—
" April 1st 1872.    Instalment due,          -
" Interest from April 1st 1865,          -          -

Herdic filed an affidavit of defence:—

That on the 2d of January 1866, Herdic filed in the court below a bill against Woodward for the specific execution of the contract on which this suit was brought; that this case was proceeded in to final hearing in the Court of Common Pleas, and on the 9th of December 1867 a decree was made that Woodward convey to Herdic, " on receiving from him a bond and mortgage securing the payment of the balance of the purchase-money according to the covenants, &c., contained in said agreement," the deed to be made in thirty days from the decree on the execution of the bond and mortgage.    A master was appointed to ascertain the balance due in case the parties could not agree; this decree on appeal was affirmed by the Supreme Court.    The affidavit of defence further set out substantially as in the affidavit to the action of debt, including the decree of court ordering him to pay $6204.53, ascertained by the master, on or before the 1st day of April 1871, Woodward having executed to him a deed in accordance with the decree of December 9th 1867; that defendant had paid the $6204.53 according to the decree; that this decree was final, and at the commencement of this suit plaintiff had no cause of action under the terms of the contract; that his only remedy for the balance would have been in the equity suit, and that is now foreclosed by the final decree of the Supreme Court.    The affidavit further averred that the striking off the judgment in the action whilst the

[Herdic *v.* Woodward.]

form was debt and permitting the plaintiff to change the form to covenant were illegal.

On the 24th of October 1872, the court directed judgment to be entered for the plaintiff for want of a sufficient affidavit of defence, for $1308.90.

The defendant took a writ of error and assigned for error the entering judgment for want of a sufficient affidavit of defence, and permitting the plaintiff to change the form of action after having taken judgment in the action when the form was debt.

*B. S. Bentley, Jr., Maynard, Entermarks & Parker* and *B. S. Bentley*, for plaintiff in error.—A court of equity having obtained jurisdiction, will comprehend all incidental matters necessary for a full and final determination of the whole controversy: Souder's Appeal, 7 P. F. Smith 502; McGowin *v.* Remington, 2 Jones 63; Taylor *v.* Cornelius, 10 P. F. Smith 199; Stockton *v.* Ford, 18 Howard 418; Story's Eq. Pl., sect. 782 *et seq.* The controversy in the bill in equity covered the whole matters arising out of the contract, and the decree was final and conclusive as to the whole contract.

*S. Linn* and *W. H. Armstrong*, for defendant in error.—The decree was made to take effect on the 1st of April 1871, and the vendee was not required to make payment of anything not then due. Such a decree it was competent for the court to make, leaving the parties to their remedies for any future failure of performance. In Pennsylvania an action of ejectment brought to enforce the specific performance of an agreement is a substitute for a bill in equity and the plaintiff recovers a verdict corresponding with the equities of the parties at the time of trial, not only the instalments due at the time of suit brought, but all that is due when the verdict is rendered: Peebles *v.* Reading, 8 S. & R. 484; Lauer *v.* Lee, 6 Wright 171; Markley *v.* Swartzlander, 8 W. & S. 172; Shaw *v.* Bayard, 4 Barr 257; Reed *v.* Reed, 2 Jones 121; Aycinena *v.* Peries, 6 W. & S. 243; Church *v.* Ruland, 14 P. F. Smith 432; Piersol *v.* Neill, 13 Id. 420; Brawdy *v.* Brawdy, 7 Barr 157; Findlay *v.* Keim, 12 P. F. Smith 112; Ins. Co. *v.* Algeo, 7 Casey 446. The bill in equity was filed by the defendant in the present action; it cannot be said that the plaintiff has resorted to inconsistent remedies.

There was no error in vacating the judgment and allowing the plaintiff to change the form of the action from debt to covenant: Bunce *v.* Wightman, 5 Casey 335; White *v.* Leeds, 1 P. F. Smith 187; Kalbach *v.* Fisher, 1 Rawle 323; Banning *v.* Taylor, 12 Harris 289; Eldred *v.* Hazlett, 2 Wright 16; Hutchinson *v.* Ledlie, 12 Casey 112; Cochran *v.* Eldridge, 13 Wright 365; Stephens *v.* Cowan, 6 Watts 511; Collins *v.* Webster, 2 Wright

[Herdic v. Woodward.]

150; Breden v. Gilliland, 17 P. F. Smith 34; Riegel v. Wilson, 10 Id. 388.

Judgment was entered in the Supreme Court, March 30th 1874.

PER CURIAM.—The amendment from debt to covenant in this case was made while the action was pending. It is in the power of the court to set aside a judgment in default of a plea or of an affidavit, at the instance of the plaintiff, who finds he has been proceeding in mistake. When the judgment was taken off, the action stood as before judgment was entered, and the right of amendment attached.

The effect of the affidavit depends on the meaning of the word "due," where it says, "the balance of purchase-money and interest due." Connecting this sentence with what immediately follows, decreeing this balance ($6204.53) to be paid on or before the 1st day of April 1871, it is obvious the word "due" refers to and means the balance or sum falling due or payable on and before the 1st of April 1871, and not the whole sum owing upon the entire contract. This excludes the subsequent instalments falling due after April 1871. The action of covenant then, being for the instalment of April 1st 1872, it is obvious the decree does not include it, and is therefore no bar to the action. Herdic, who was the plaintiff in the bill for specific performance, not having complied with the decree in his favor, by giving his bonds and mortgage for the instalments falling due after April 1st 1871, and taking the deed Woodward filed under the decree, and the decree having made no other provision for these instalments, it is evident Herdic stands in no position to contest the plaintiff's action of covenant, this being the only means left to him to enforce payment of these instalments.

Judgment affirmed.