## Shenango Valley Transportation Company v. Stokes (No. 2)

*Albert Acker*, for plaintiff.

*Cyril T. Garvey*, for defendant.

RODGERS, P. J., February 8, 1954.—This matter is before the court upon defendant's motion to strike off

the judgments entered at the above terms and numbers.

On August 11, 1952, complaint in trespass was filed by plaintiff in the above action. On August 11, 1952, the sheriff made a return of having served a copy of the complaint by sending the same to the Secretary of the Commonwealth of Pennsylvania by registered mail with a return receipt requested. The return card bears the date of August 12, 1952.

On February 14, 1953, a præcipe to the prothonotary by plaintiff directed the prothonotary to enter judgment against defendant for want of appearance. The prothonotary entered judgment on the same date at December term, 1952, no. 421.

On February 16, 1953, plaintiff moved the court as follows:

"On February 14, 1953, due to inadvertence on the part of your petitioners, a judgment was entered at the above number and term against the above-named defendant. Your petitioners do pray that an order be made striking off the said judgment".

On the same date, the judgment entered at December term, 1952, no. 421, was stricken off by the order of this court.

On March 24, 1953, after a service of a copy of the complaint was had on the Secretary of Revenue of the Commonwealth of Pennsylvania, plaintiff again by præcipe directed the prothonotary to enter judgment for failure to enter appearance in the above matter. Judgment was entered on the same date at March term, 1953, no. 391.

On April 9, 1953, by præcipe, the prothonotary was directed to enter judgment against defendant for failure to file an answer. Judgment was entered on this præcipe on the same date at March term, 1953, no. 529.

On August 24, 1953, the above-mentioned motion by defendant for leave to appear de bene esse and for

rule to show cause why the judgments entered at March term, 1953, nos. 391 and 529, should not be stricken from the record was filed. The matter was heard by this court on January 18, 1954.

Plaintiff in its argument makes no effort to support the judgment entered at March term, 1953, no. 529, for failure to file his answer. This judgment should be stricken as there is no requirement under the rules requiring the filing of an answer in a trespass action except where the party may desire to deny allegations relating to matters of identity, agency, ownership, possession or control of the property involved.

The judgment at March term, 1953, no. 391, is a different matter. Proper service was had on defendant by service on the Secretary of the Commonwealth. The judgment was entered by the prothonotary for want of an appearance as directed by the præcipe of plaintiff. The question is whether or not the previous judgment properly entered and properly stricken by the court on the motion of plaintiff, destroyed the effectiveness of the prior service or so injured defendant that the court should exercise its discretion to strike off the later judgment.

It seems clear to the court and no authority to the contrary has been advanced, that the striking off of a judgment leaves the parties in precisely the same position as though no judgment had ever been entered. See Higbee Estate, 372 Pa. 233 (1953):

"The rule is stated in 49 C. J. S. Judgments sec. 306:

" 'Where a judgment is vacated or set aside by a valid order or judgment, it is entirely destroyed and the rights of the parties are left as though no such judgment had ever been entered.'

"The footnote to this statement in the text cites the opinion of this court in Bergen vs. Lit Brothers, 354 Pa. 535, 47 A. 2d 671, wherein Mr. Justice (now Chief

Justice) Stern said (p. 539) : '. . . the judgments having been properly vacated, they have no more future effect than if they had never existed.' See: Herdic vs. Woodward, 75 Pa. 479, 483: 'When the judgment was taken off, the action stood as before judgment was entered . . .' ".

Nowhere have we found an intimation that the powers granted under Rule 1047 of the Pennsylvania Rules of Civil Procedure are exhausted by the entry of one judgment in a particular case.

It was strenuously argued by defendant that plaintiff should not be permitted to take an inconsistent position by claiming the service on the Secretary of the Commonwealth to be good, then bad, and then good again. The record shows no such inconsistency, although some might properly be presumed under the circumstances. Nevertheless, even if there had been a stated inconsistency, it would not properly be grounds for denying plaintiff his rights under the rules unless such inconsistency caused defendant an actual hardship. The court sees no such hardship in this case. Actually the indecision of plaintiff gave defendant in this case an additional 36 days in which to enter his appearance and to secure the rights accruing therefrom. Hence,

### Order

The judgment entered at March term, 1953, no. 529, is stricken off, the rule to show cause why the judgment entered at March term, 1953, no. 391, should not be stricken off is discharged, the motion of defendant to strike off the judgment at March term, 1953, no. 391, is dismissed and the board of arbitrators appointed in this matter is directed to proceed with the cause.