# Cobb *v.* Metropolitan Life Insurance Company, Appellant.

*Insurance—Life insurance—Statements as to health.*

Where a person applying for insurance, states in the application that he had not had disease of the lungs and that he had not been under the care of a physician for two years, and the medical examiner of the company testifies, in a suit on the policy, that at the time of the application the insured was in good health, and relatives of the insured with whom he lived testify that prior to the date of the policy the insured had never lost a day's work on account of illness, the court cannot withdraw the case from the jury because a physician called by the company testifies that shortly before and after the date of the application he had treated the insured as an out patient of a hospital for disease of the lungs.

Where the defense is that there was a breach of a material warranty in an application for insurance, the burden of proof rests on the defendant,

and, ordinarily, where the party who has the burden of proof relies upon the testimony of witnesses to make out or establish his defense, it is the province of the jury to pass upon the credibility of the witnesses.

Argued Dec. 14, 1901. Appeal, No. 29, Oct. T., 1901, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1900, No. 1162, on verdict for plaintiff in case of Henry Cobb v. Metropolitan Life Insurance Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before BEITLER, J.
The facts appear by the opinion of the Superior Court.
The court refused binding instructions for defendant.
Verdict and judgment for plaintiff for $121.

*Error assigned* was in refusing binding instructions for defendant.

*Hazard Dickson,* for appellant, cited: Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610.

*John Kent Kane,* with him *Dimner Beeber, Hampton L. Carson* and *J. Levering Jones,* for appellee.

OPINION BY RICE, P. J., January 21, 1902:

This was an action on a policy of life insurance. The plaintiff made out a prima facie case and rested. The defense was that certain statements of the insured in his application, namely, that he was in sound health, that he had not had disease of the lungs, that he had not been under the care of a physician within two years, and that he had never been under treatment in any dispensary or hospital, which statements were made warranties, were false. The only matter assigned as error is the refusal of the court to charge the jury that under all the evidence their verdict must be for the defendant.

The physician, who was the principal witness for the defendant, testified that he treated the insured as an out-patient of the Polyclinic Hospital from June 17 until September 30, 1899, for disease of the lung. Speaking of the nature of the disease he said: " There was consolidation of one lung with accompanying signs—I will have to refresh my memory from the book—which, of course was the beginning of pulmonary phthisis.

Q. Pulmonary phthisis is commonly called what? A. Consumption or tuberculosis. Q. Consumption of the lungs? A. Consumption of the lungs." On the other hand it appears from the testimony of the company's medical examiner, a witness called by the defendant, taken in connection with his report made to the company, that as a result of his examination made at the time the insurance was applied for (July 26, 1899) he found, and so reported, that the applicant was in good health. There was, in addition, the testimony of relatives of the insured, with one of whom he lived, that prior to the date of this policy they had never known him to lose a day's work on account of illness. Of course these witnesses could not testify that he had not visited the dispensary of the Polyclinic Hospital for treatment. That part of the testimony of the defendant's principal witness was not contradicted by any direct testimony. But as the person who could have contradicted it, if it was untrue, was the insured, and he was dead, no presumption of its truth arose from the failure of the plaintiff to contradict it. The nearest approach to a contradiction of it that the plaintiff could make was to show that the address of the person who received dispensary treatment at the Polyclinic Hospital, as shown by the books from which the witness refreshed his memory, was not, and never had been, the address of the insured. But passing this minor point, was the main fact testified to by the defendant's principal witness, namely that the insured had pulmonary phthisis, as early as June 17, 1899, conclusively established by uncontradicted testimony? We think not. Possibly the jury could have reconciled all the testimony consistently with such a finding, but it was for them to determine whether it could be so harmonized; and if it could not be harmonized, then to determine what was the fact. But it may be said, that, even if the court would not have been justified in charging the jury that the fact, that the insured had pulmonary phthisis prior to the date of the policy was conclusively established, yet, as the testimony of the witness, that the insured received treatment at the dispensary, was practically uncontradicted, the court should have given binding instructions that there was a breach of one of the warranties. We cannot assent to this proposition. Where the defense is, that there was a breach of a material warranty in an application for

insurance, the burden of proof rests on the defendant, and, ordinarily, where the party who has the burden of proof relies upon the testimony of witnesses to make out his case or establish his defense, it is the province of the jury to pass upon the credibility of the witnesses.   And while the court is frequently justified in expressing an opinion as to the weight of the evidence, the cases are exceptional where the court is warranted in directing a verdict in favor of the party so situated.   Upon the question of the duty of the court to direct a verdict in such a case the Supreme Court, in an opinion by MITCHELL, J., has recently said: " The jury are not bound to believe every story that a witness or witnesses are willing to swear to simply because no other witness contradicts it.   If its inherent improbability or irreconcilability, with facts shown or admitted are such that it does not command their assent, the jury may disregard it. But this rule is founded on common sense and knowledge of human nature, and must be limited by some standards.   When the testimony is not in itself improbable, is not at variance with any proved or admitted facts, or with ordinary experience, and comes from witnesses whose candor there is no apparent ground for doubting, the jury is not at liberty to indulge in a capricious disbelief.   If they do so, it is the duty of the court to set the verdict aside :" Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610.   But in the same connection the court said that such cases are exceptional; and applying the standard above suggested we are not convinced that this is one of them.   Clearly it is not necessary to contradict the testimony of a witness in every particular in order to require the submission of the question of his credibility to the jury.   If there be a conflict of evidence as to one of the material facts testified to by him and the jury determine this conflict adversely to him, surely it is not the province of the court to declare that as to the particulars in which such witness has not been contradicted, it is their imperative duty to accept his testimony as verity.

We have not undertaken to show that the verdict was in accordance with the weight of the credible testimony.   Nor is it necessary that we should do so in order to affirm this judgment. It is sufficient to show that the court could not have given binding instructions upon the questions of fact arising upon the testimony without usurping the functions of the jury.

Judgment affirmed.