# Arnold *v.* Metropolitan Life Insurance Company of New York, Appellant.

*Evidence—Witness—Contradiction of witness—Application.*

Where in an action upon a policy of life insurance the testimony of a physician is directly contrary to the representations of the deceased in the application for the policy, it cannot be said that the testimony of the physician is uncontradicted in the usual sense in which that term is employed, and the court cannot properly say to the jury that the physician's testimony, being uncontradicted, must, therefore, necessarily be believed. In such a case the jury has a right to determine from all the surroundings and the physician's manner whether or not his contradiction of the facts set forth in the application was such as to warrant them in determining that the deceased was guilty of making false representations to the defendant.

The jury are not bound to believe every word that a witness or witnesses are willing to swear to, simply because no other witness contradicts it. If its inherent improbability, or irreconcilability with facts, shown or admitted, be such that it does not command their assent, the jury may disregard it.

Argued March 11, 1903. Appeal, No. 30, March T., 1903, by defendant, from judgment of C. P. Mifflin Co., Aug. T., 1900, No. 117, on verdict for plaintiff in case of Daniel J. Arnold v. Metropolitan Life Insurance Company of New York. Before BEAVER, SMITH, W. D. PORTER and MORRISON, JJ. Affirmed.

Assumpsit upon a life insurance. Before BAILEY, P. J.

At the trial defendant presented these points:

5. George Arnold, the insured, in his application for the policy of insurance in this case in paragraph four, having answered and stated " The following is the name of the physician

who last attended me, the date of the attendance and the name of the complaint for which he attended me, Dr. Reber Painterville, Pa., January, 1899, three ribs broken," and the insured having warranted this answer to be strictly correct and wholly true, said answer being material to the risk and the testimony of Dr. Reber in this case being that he prescribed for and treated the insured for enlarged liver and stomach trouble in the spring of 1899, about a week after his ribs were fractured, and the plaintiffs having failed to produce any evidence to contradict this testimony, the verdict of the jury should be for the defendant. *Answer :* The credibility of Dr. Reber's testimony is for the jury and not for the court. [1]

6. The insured having answered in paragraph five of his application for the policy of insurance in this case, " I have not been under the care of any physician within two years unless as stated in previous line, except," which was Dr. Reber, Painterville, Pa., January, 1899, three ribs broken, and it being the uncontradicted testimony of Drs. Reber and Baker, that they treated him within two years, the verdict in this case should be for the defendant. *Answer :* The credibility of the testimony of Dr. Reber and Dr. Baker is for the jury and not for the court.

7. If the jury belive that George Arnold, the insured, went to the office of Dr. Baker between the 17th and 20th of April and was prescribed for and treated by him as testified to by Dr. Baker, the verdict in this case must be for the defendant. *Answer :* Affirmed. [2]

Verdict and judgment for plaintiff for $578.20. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*T. M. Uttley*, with him *W. W. Uttley* and *James A. Stranahan*, for appellant.—As the testimony of the physicians was uncontradicted, the case should not have been submitted to the jury: Lutz v. Metropolitan Life Ins. Co., 186 Pa. 527; O'Hara v. U. B. Mut. Aid Society, 134 Pa. 417; Wall v. Royal Society of Good Fellows, 179 Pa. 355; Richards v. Willard, 176 Pa. 181; Hermany et al. v. Fidelity Mutual Life Assn., 151 Pa. 17; Mengel v. Northwestern Mutual Life Insurance

Company, 176 Pa. 280; March v. Metropolitan Life Insurance Co., 186 Pa. 629; Smith v. Northwestern Mutual Life Insurance Company, 196 Pa. 314.

OPINION BY BEAVER, J., April 20, 1903:

When this case was here before (20 Pa. Superior Ct. 61), we said, referring to the testimony of Dr. Reber and others : " The credibility of the witnesses was, under the circumstances, for the jury and we, therefore, send the case back for a retrial." It would be a reversal of ourselves to reverse the court below now for doing that which we then said should be done. We would have no hesitation in doing this, if we were previously in the wrong. Were we wrong?

It must be remembered that the testimony of Dr. Reber was itself a contradiction of the representations of the deceased in his application for the policy of insurance upon which this action is founded. It cannot be said, therefore, that the testimony of Dr. Reber was uncontradicted in the usual sense in which we employ that term. It is true that no living witness contradicted him and, in the very nature of the case,. none could contradict him, unless indeed a third party might have been present at the examination concerning which the doctor testifies as to the answers of the deceased. We have, on the one hand, the representations of the deceased as contained in the application and, on the other, the testimony of the doctor, contradicting and negativing those representations. Which was correct? 'Surely this was a question for the jury. The court could not have properly said to the jury that Dr. Reber's testimony, being uncontradicted, must, therefore, necessarily be believed. They had a right to determine from his manner and from all the surroundings whether or not his contradiction of the facts set forth in the application of the deceased was such as to warrant them in determining that the deceased was guilty of making false representations to the defendant. The very fact, stated by the appellant in the argument, that " the testimony of the physician, Dr. Reber, was even clearer on the second trial than on the first " may have led the jury, if their attention was called to it, to doubt the credibility of his testimony on the second trial. It would, at the least, be some evidence of the unreliability of his memory. The case of Lonzer

v. Lehigh Valley R. R. Co., 196 Pa. 610, cited by the appellant, is altogether exceptional. Mr. Justice MITCHELL, who delivered the opinion in that case, says : " It is further said that the testimony as to the posting of the notice and the deceased's knowledge of it was by witnesses for the defense and their credibility was for the jury. Such certainly is the general rule. The jury are not bound to believe every word that a witness or witnesses are willing to swear to simply because no other witness contradicts it. If its inherent improbability or irreconcilability with facts, shown or admitted, be such that it does not command their assent, the jury may disregard it, but this rule is founded on common sense and knowledge of human nature and must be limited by the same standards." The case under consideration is not, however, of this exceptional class, as we think what we have already said clearly shows.

There is nothing in the case requiring discussion, as the only point raised by the several assignments of error is the submission of the credibility of the witnesses to the jury.

Judgment affirmed.