## Nesbitt v. Herbert, Appellant.

*Attachment execution—Ownership of fund—Partnership—Conflicting evidence as to partnership—Case for jury.*

1. On the trial of an attachment execution where it appears that the fund was attached as the individual property of the defendant and it is claimed that it really belonged to a partnership consisting of the defendant and his father, and the evidence is conflicting as to whether such partnership legally existed, the case must be submitted to the jury.

2. In such a case where the amount of the fund attached is not disputed, it is not error to exclude the record of another action between different parties showing how the fund was produced. Such evidence is wholly immaterial to the issue.

Argued Oct. 23, 1913. Appeal, No. 111, Oct. T., 1913, by defendants, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1905, No. 3,327, on verdict for plaintiffs in case of C. S. Nesbitt and D. M. Stackhouse, trading as American Parquetry Floor Company, v.

Willis A. Herbert and Penn Building Company, Garnishee. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Attachment execution on judgment obtained March 5, 1906, against Willis A. Herbert, with Louis H. Cohen and the Penn Building Company as garnishee.

At the trial it appeared that on September 26, 1911, suit was brought by Louis A. Herbert & Son against the Penn Building Company, and the latter admitted a liability of $331.83 which money was paid into court. This was the fund attached. The defendants claimed that the fund belonged to a partnership composed of himself and his father, Willis A. Herbert, Sr.

Verdict and judgment for plaintiffs for the fund in controversy. Defendants appealed.

*Errors assigned* were in refusing binding instructions for defendants, and in excluding the record of the suit against Cohen and the Penn Building Company.

*Charles L. Smyth*, for appellants.—There was no evidence that the copartnership was formed or conducted for the purpose of defrauding any creditor of the attached partner: Hagy v. Poike, 160 Pa. 522; Morton v. Weaver, 99 Pa. 47; Lasher v. Medical Press, 203 Pa. 313.

There was no evidence that the fund attached was the property of the attached partner: Ballantine v. Cummings, 220 Pa. 621; Richard v. Allen, 117 Pa. 199; Mengel v. Ins. Co., 5 Pa. Superior Ct. 491; Jarecki Mfg. Co. v. Hart, 5 Pa. Superior Ct. 422; Ryon v. Wynkoop, 148 Pa. 188; Horne v. Petty, 192 Pa. 32; Noble v. Thompson Oil Co., 79 Pa. 354; Reichner v. Reichner, 237 Pa. 540; Ramsay v. Myers, 6 Pa. Dist. Rep. 468; Alter v. Brooke, 9 Phila. 258.

*Leon J. Obermayer*, with him *Mason & Edmonds*, for appellees, cited: Reed v. Kremer, 11 Pa. 482; Brown

v. Beecher, 120 Pa. 590; Bing v. Schmitt, 226 Pa. 622; Widdifield v. Widdifield, 2 Binney, 245.

OPINION BY ORLADY, J., February 20, 1914:

The appellant presents a very persuasive argument on this record, and if it depended alone on our reading of the testimony and deciding the question, as one of fact, we might reach a different conclusion from that of the jury. However, the determining question was purely one of fact, and was fairly presented by the court, viz: "If you come to the conclusion that Willis A. Herbert and his son were not really partners, but that the partnership articles and the holding of himself and his son out to the world as partners was but a cover or sham to defeat his creditors, and enable him to do business trading as a partnership, then your verdict should be for the plaintiff. The question for you to determine is the good faith and bona fides of Mr. Herbert and his son in this matter. If they were bona fide trading in partnership, the defendant here is entitled to your verdict. There is no money belonging to Willis A. Herbert, individually, which is subject to this attachment."

There were material contradictions in the testimony of the father and son. The subject-matter of their testimony as well as their manner on the stand affected their credibility, and these matters were exclusively for the jury. Preponderance of evidence depends on credibility, not on the number of witnesses: Allen v. Line, 11 Pa. Superior Ct. 517. The result reached is not so clearly without foundation as to justify us in directing a retrial of the case, when the trial judge who participated in it declined to do so while the circumstances were yet fresh in his mind: Cobb v. Ins. Co., 19 Pa. Superior Ct. 228. It was not error to exclude the record of another action between different parties. The amount of the fund in court was not disputed and it was not material on this trial, to ascertain how it was produced.

The judgment is affirmed.