# Clark v. Metropolitan Life Ins. Co., Appellant.

*Insurance—Life insurance—Evidence—Contradiction of statements in application—Case for jury.*

In an action on a policy of life insurance where the plaintiff presents a prima facie case, and the defendant sets up false representations as to health in the application, the testimony of a physician which is directly contrary to the statement in the application, is not necessarily to be believed, although it is uncontradicted, and the case must be submitted to the jury to pass upon the credibility of the witness.

The condition of health of an insured at a particular time is usually, and almost necessarily, a question of fact to be submitted to the jury under proper instructions.

Argued Oct. 7, 1915. Appeal, No. 296, Oct. T., 1914, by defendant, from judgment of C. P. No. 5, Philadel-

phia Co., June T., 1912, No. 4015, on verdict for plaintiff in case of Bettie Clark v. Metropolitan Life Insurance Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit upon a policy of life insurance. Before RALSTON, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $580. Defendant appealed.

*Errors assigned* were (1) refusing binding instructions for defendant and (2) refusing defendant's motion for judgment n. o. v.

*Arthur G. Dickson,* for appellant.—The case at bar, it is submitted, is ruled by that of Siebelist v. Metropolitan Life Insurance Co., 19 Pa. Superior Ct. Rep. 221, in which this court held that statements contained in and forming a part of the proofs of death, were evidence against the plaintiff, and, in the absence of contradiction or explanation, were binding.

*William T. Connor,* with him *John R. K. Scott,* for appellee.—The case was for the jury: Holleran v. Life Insurance Co. of America, 18 Pa. Superior Ct. 573; Cobb v. Metropolitan Life Ins. Co., 19 Pa. Superior Ct. 228; Arnold v. Metropolitan Life Ins. Co., 20 Pa. Superior Ct. 61; Arnold v. Metropolitan Life Ins. Co., 22 Pa. Superior Ct. 575; Rigby v. Metropolitan Life Ins. Co., 248 Pa. 351.

OPINION BY HEAD, J., March 1, 1916:

The two assignments of error are practically one and may be so properly treated. The complaint is the learned trial judge erred in refusing to give a binding direction to the jury to find for the defendant. It is true

that during the trial a number of objections were made as to offers of evidence, and the rulings of the learned trial judge thereon were followed by exceptions noted. But none of these rulings are assigned for error and we therefore take the record as we find it made up.

The person whose life was insured under the policy in question was a colored girl about thirteen years of age. The following facts were established, not by proof but by the admissions of counsel on the record, to wit: the insured died 20th of February, 1912; the premiums upon the policy sued upon were paid up to the date of the death of the insured; good and sufficient proofs of death of the insured were furnished by the plaintiff to the defendant. The plaintiff's prima facie case was then complete and the burden was shifted to the defendant. Its ground of defense was that some of the statements contained in the application for the policy, which by its terms became a warranty, were untrue. How did the defendant undertake to discharge that burden? It first offered in evidence the proofs of death which had been furnished including a certificate by one Dr. Golden as to the dates and number of times he had rendered professional services to the deceased. This certificate was admitted in evidence over the objection of the plaintiff and was followed by the oral evidence of Dr. Golden himself. His testimony tended to support the statement he had made in his certificate and to that extent to contradict the statements of fact in the application. We are unable to see how it can be successfully contended the oral testimony of this witness concluded the plaintiff or how, because of it, the learned trial judge should have declared to the jury the controlling question of fact had been established so that, as matter of law, a verdict for the defendant must follow.

In Arnold v. Metropolitan Life Insurance Co., 22 Pa. Superior Ct. 575, practically the same question now before us arose. The defendant undertook, by the testimony of a certain physician, to contradict the state-

ments of fact contained in the application. His testimony tended to overthrow those statements and it was sought to be argued that his testimony should be regarded as uncontradicted, and therefore no question for the consideration of the jury was left, but this court declined to take that view. Speaking by BEAVER, J., we said : "We have, on the one hand, the representations of the deceased as contained in the application and, on the other, the testimony of the doctor, contradicting and negativing those representations. Which was correct? Surely this was a question for the jury. The court could not have properly said to the jury that Dr. Reber's testimony, being uncontradicted, must, therefore, necessarily be believed." In Cobb v. Metropolitan Life Insurance Co., 19 Pa. Superior Ct. 228, President Judge RICE pointed out the difficulty that would arise in such cases were the trial judge to undertake to give a binding direction. "Where the defense is, that there was a breach of a material warranty in an application for insurance, the burden of proof rests on the defendant, and, ordinarily, where the party who has the burden of proof relies upon the testimony of witnesses to make out his case or establish his defense, it is the province of the jury to pass upon the credibility of the witnesses. And while the court is frequently justified in expressing an opinion as to the weight of the evidence, the cases are exceptional where the court is warranted in directing a verdict in favor of the party so situated."

The proofs offered by the defendant practically establish the insured died on February 20th and the cause of her death was declared by the attending physician at the hospital to have been pulmonary tuberculosis. Evidence was further offered by the witness, Dr. Weber, that the young girl had come to the dispensary about January 1st of the same year for treatment and that his diagnosis at that time pointed not only to the fact she was then suffering from the disease which so soon ended her life but that it was then in a moderately advanced stage.

If this opinion of the doctor was correct, undoubtedly from that fact the jury might have inferred that the child was not in sound health about two weeks before when her policy was issued, but that inference was one of fact to be drawn by the jury. In rebuttal the plaintiff called a number of persons who mingled in the daily life of the girl, at and about the time the policy issued, and they all testified she appeared to be in ordinary health and exhibited no signs of being seriously ill. In Horne v. The Hancock Insurance Co., 53 Pa. Superior Ct. 330, we endeavored to point out, after an examination of the authorities, that the condition of health of an insured at a particular time was usually and almost necessarily a question of fact to be submitted to a jury under proper instructions.

The binding direction therefore could not have rested on the inference to be drawn from the evidence that the insured was actually suffering from pulmonary tuberculosis at and before the policy issued. The only remaining ground upon which it could rest would be that it appears, by the certificate signed by Dr. Golden, and from his oral testimony, the plaintiff had not truly stated the facts in the insurance application. The testimony of Dr. Golden, as actually delivered, was not of the most satisfactory character owing to the absence of his records, but in any event its correctness was certainly to be determined not by the trial judge but by the jury.

We are of opinion the learned trial judge could not have withdrawn the case from the consideration of the jury, and as there is no complaint of the soundness of the instructions accompanying the submission, the conclusion follows that the record presents no reversible error. The assignments are overruled.

Judgment affirmed.