## Peoples, Appellant, *v.* Philadelphia.

*Practice—Municipal Court of Philadelphia County—Effect of general finding—Motion for judgment n. o. v.*

Where a case is tried by the Municipal Court of Philadelphia County without a jury, and the plaintiff's case depends upon oral testimony, and no requests are presented for findings of fact or conclusions of law, a general finding for the defendant, if it is responsive to the issue presented by the pleadings has the force of the general verdict of a jury; and if the court subsequently makes an order dismissing plaintiff's motion for judgment n. o. v., the appellate court will not reverse such order in the absence of anything in the record to show that the finding of the trial judge was capricious.

Argued Nov. 26, 1915. Appeal, No. 177, Oct. T., 1915, by plaintiff, from judgment of Municipal Court, Philadelphia Co., March T., 1915, No. 363, on case tried by the court without a jury in suit of David Peoples v. Philadelphia. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for money alleged to be due under a municipal contract for grading. Before CASSIDY, J.

The case was tried by the court without a jury.

*Error assigned* was in entering judgment for defendant.

*Walter Biddle Saul,* for appellant.

*Daniel G. Murphy,* Assistant City Solicitor, with him *F. Carroll Fow* and *Michael J. Ryan,* City Solicitor, for appellee.

OPINION BY RICE, P. J., April 17, 1916:

This action of assumpsit was tried by the court without a jury. The plaintiff's case depended on his own oral testimony, and at the conclusion of the trial, there being no requests for findings of fact or conclusions of law, the court made a general finding in favor of the defendant. Subsequently the court dismissed the plaintiff's motion for judgment in his favor n. o. v. and for a new trial and entered judgment for the defendant on the general finding. The plaintiff appealed and assigned for error, (1) the dismissal of his motion for judgment n. o. v.; (2) not entering judgment in his favor; (3) entering judgment for the defendant.

In Philadelphia and Gulf Steamship Company v. Clark, 59 Pa. Superior Ct. 415, it was held, with regard to the trial of cases without a jury in the Municipal Court under the rules of that court then in force; first, that the benefits of the Act of 1905, P. L. 286, may be obtained by presenting a point in writing equivalent in substance to a point for binding instructions, and in case of its refusal moving for judgment in accordance with the provisions of that act; second, that the substantial benefits flowing from detailed findings may be obtained by presenting pertinent written points and excepting to the answers; third, if no points for findings of fact or conclusions of law are presented the court may make a general finding or decision without stating separately and distinctly the facts and conclusions of law which led to it. In a case decided at the same time,

it was held that the appeal which lies from the judgment in a case so tried is not the same kind of appeal that lies from the judgment of a justice of the peace or from the decree of a court of equity; its function is to obtain correction of errors of law which appear either on the face of the record proper, or in a bill of exceptions duly taken to the rulings of the court; and if the assignments of error are not based on anything brought into the record by bill of exceptions, the only question legitimately raised by them is whether the judgment was regular and responsive to the issue presented by the pleadings: Philadelphia & Gulf Co. v. Soeffing, 59 Pa. Superior Ct. 429. Here the general finding was responsive to the issue presented by the pleadings, and as the issue was one of fact depending for its determination on oral testimony, the finding as perfectly supported the judgment entered thereon, as would the general verdict of a jury upon the same issue. This is all that need be said in overruling the assignments of error, but we add, after examination of the plaintiff's testimony, that it was not so positive, clear and convincing as to warrant an appellate court in assuming that the finding of the trial judge was capricious. Where an issue of fact depends on oral testimony it is the province of the jury, if the case be tried before a jury, or of the court, if the case be tried by the court without a jury, to decide.

The assignments of error are overruled and the judgment is affirmed.

Adopted by the court.