## Flannery *v.* O'Hara, Appellant.

*Appeals — Assignments of error — Rulings on evidence — Two questions in one assignment.*

Assignments of error to the exclusion of evidence which do not quote the rulings, nor state where they may be found in the appendix, will not be considered.

An assignment of error which attempts to raise two distinct questions violates Rule XIV, and will not be considered.

*Practice, Municipal Court of Philadelphia—Trial by court without a jury—Findings.*

On the trial of a case without a jury in the Municipal Court of Philadelphia, where the case is to be decided on oral testimony, the finding of the trial judge is as conclusive on appeal as a similar verdict would have been if there had been a jury trial.

Argued Nov. 29, 1915. Appeal, No. 240, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., Feb. T., 1915, No. 184, for plaintiff on case tried by the court without a jury in suit of Edward P. Flannery, trading as John N. Gill & Co. *v.* A. P. J. O'Hara. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a promissory note.

The case was tried by CRANE, J., without a jury.

The court entered judgment for plaintiff for $633. Defendant appealed.

*Errors assigned* were in the following form:

1. The court erred in entering judgment for the plaintiff.

2. The court erred in holding the payee was not a necessary (even if not a formal) party to the record, and in refusing evidence under which defendant claimed damages against the payee larger than the face of the notes.

3. The court erred in not requiring the plaintiff to produce evidence of actual payment, the notes bearing no evidence of payment.

4. The court erred in refusing nonsuit motions for new trial and judgment n. o. v.

*R. H. Locke,* for appellant.

*Sidney L. Krauss,* with him *W. Horace Hepburn* and *William A. Carr,* for appellee.

OPINION BY RICE, P. J., April 17, 1916:

This case was tried by the court without a jury. In respect of procedure it does not differ materially from Peoples v. Philadelphia, 62 Pa. Superior Ct. 553. So far as the question sought to be raised by the first and fourth assignments of error are concerned it is governed by the same principles.

The second and third assignments do not quote the rulings referred to, nor state where they may be found. Moreover, the second assignment attempts to raise two distinct questions in violation of Rule XIV of this court, and so far as it relates to the exclusion of evidence, it is in violation of Rule XIV of this court. The other complaints informally suggested in these two assignments involve questions of fact arising upon legally competent testimony which it was the exclusive province of the trial court to decide. If the uncontradicted testimony of the plaintiff's witnesses be believed the plaintiff's right to maintain the action in his own name and to recover the amount claimed was clear. Presumably the court did credit it and based its general finding upon it. Therefore, the finding is as conclusive on appeal as a similar verdict would have been if there had been a jury trial.

The assignments of error are overruled and the judgment is affirmed.

Adopted by the court.