## Stawecka *v.* John Hancock Mutual Life Insurance Co., Appellant.

*Insurance—Life insurance—Misrepresentations as to health— Conflicting evidence—Trial by court without a jury.*

Where an action upon a policy of life insurance is tried by the court without a jury, and the defense is misrepresentations as to health, and the testimony raises two questions of fact (1) whether the insured had made any representations and (2) whether such, if made, were misrepresentations, and the trial judge finds generally for the plaintiff, the appellate court will conclude that the trial judge found that there had been no misrepresentation, and will affirm the judgment.

Argued Oct. 6, 1916.    Appeal, No. 12, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., Sept. T., 1915, No. 201, on verdict for plaintiff in case of Michael Stawecka v. John Hancock Mutual Life Insurance Company.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit on a policy of life insurance.

The case was tried by GILPIN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

Judgment for plaintiff for $258.60.    Defendant appealed.

*Error assigned* was in entering judgment for plaintiff.

*Frank A. Chalmers,* with him *Ira Jewell Williams,* for appellant, cited: March v. Metropolitan Life Ins. Co.,

186 Pa. 629; Murphy v. Prudential Ins. Co. of America, 205 Pa. 444; Lutz v. Metropolitan Life Ins. Co., 186 Pa. 527; Rigby v. Metropolitan Life Ins. Co., 240 Pa. 332; Stewart v. General Accident Ins. Co., 35 Pa. Superior Ct. 120.

*Clinton A. Sowers,* with him *F. Russell Conklin, Ernest M. Vail* and *Robert M.Bernstein,* for appellee, cited: Dowling v. Merchants Ins. Co., 168 Pa. 234; Suravitz v. Prudential Ins. Co., 244 Pa. 582; Horne v. John Hancock Mut. Life Ins. Co., 53 Pa. Superior Ct. 330.

OPINION BY WILLIAMS, J., December 18, 1916:

This was an action upon a policy of life insurance and was tried by a judge of the court below without a jury.

The plaintiff, the beneficiary and husband of the insured, testified that the deceased could not speak English; that when the company's medical examiner made an examination of the applicant he asked only two questions, viz: her age and her occupation, and that he (the husband) had answered for her that she was twenty-five years old and did housework; that the wife thereupon signed the application; and that the insured was well and healthy when she made the application. Dr. Pepper, the defendant's medical examiner, after an examination, pronounced her as safely insurable and recommended that the policy be granted.

The defense was that the insured had willfully misrepresented the condition of her health prior to the issuance of the policy.

To support defendant's contention, Dr. Simpkins testified that he had treated the insured for heart trouble, consumption and various other disorders immediately before the signing of the application. Dr. Pepper testified that he had asked the insured the various questions in regard to her previous state of health—if she "had within five years any sickness, disease, bodily or mental, or any injury or surgical operation" and as to consump-

tion and female disorders, and that she had answered in English "No."

A material misrepresentation as to the previous health of the insured will avoid the policy: Murphy v. Prudential Ins. Co., 205 Pa. 444; Rigby v. Metropolitan Ins. Co., 240 Pa. 332, and it makes little difference whether it is affirmative or nonactive acquiescence: Stewart v. Gen. Acc. Ins. Co., 35 Pa. Superior Ct. 120. There might be some doubt cast upon the force of these decisions as applicable to the present case by the opinion in Suravitz v. Prudential Ins. Co., 244 Pa. 582, inasmuch as the facts which, it is alleged, were misrepresented, were not warranties, but were representations, which, being made under a false impression or ignorance due to the negligence or bad faith of the insurance company's agent, would not avoid the insurance.

The testimony raised two questions of fact: (1) whether the insured had made any representations; and (2) whether such, if made, were misrepresentations; it was so conflicting that it was clearly within the province of the jury had the case been so tried: Clark v. Metropolitan L. Ins. Co., 62 Pa. Superior Ct. 192. As the case was tried by a judge without a jury, his findings are equivalent to the verdict of a jury: Flannery v. O'Hara, 62 Pa. Superior Ct. 555, and as he found for the plaintiff we must conclude that he found that there had been no misrepresentation. This being so, there is no question of law involved.

The judgment is affirmed.

ORLADY, P. J., and PORTER, J., dissent.