# Gerson, Appellant, *v.* Pennsylvania Glass Manufacturing Co., a Corporation, and Nathan Koshar.

*Interpleader—Trial—Trial by court without a jury—Weight of evidence.*

Where on the trial of an interpleader in the Municipal Court of Philadelphia by a judge without a jury, the only witness is the father-in-law of the defendant in the execution, who claims that he purchased the goods in good faith, and his testimony is not positive, clear and convincing, the judge is not compelled to adopt it as a statement of fact. Where the inference can be legitimately drawn that the plaintiff was not engaged in business for his own account, but that he was merely assisting the defendant, his son-in-law, in the prosecution of the latter's venture, and the whole story of the claimant is improbable, a court is not in error in rejecting it and entering judgment for the defendant.

Argued October 5, 1920. Appeal, No. 14, Oct. T., 1920, by plaintiff, from judgment of Municipal Court of Philadelphia, Nov. T., 1918, No. 372, for defendant in case tried by the court without a jury in the suit of Abraham Gerson v. Pennsylvania Glass and Manufacturing Company, a corporation, and Nathan Koshar. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Issue on an interpleader framed under the Act of May 26, 1897, P. L. 95. Before KNOWLES, J., without a jury.

At the trial the only witness was the claimant, who was the father-in-law of Nathan Koshar, the defendant in the execution. The testimony of the plaintiff is summarized in the opinion of the Superior Court.

*Error assigned* was in entering judgment for the defendant.

*Leopold C. Glass*, for appellant.—Judges of the Municipal Court of Philadelphia, sitting without juries in the disposition in issues of fact, are precluded from indulging in the capricious disbelief of evidence: Robinson v. Wallace, 65 Pa. Superior Ct. 56; People v. Phila., 62 Pa. Superior Ct. 555; Berkowitz v. Palruba Mfg. Co., 68 Pa. Superior Ct. 559.

*Jerome J. Rothschild*, of *Fox & Rothschild*, for appellee, cited: E. Bradford Clarke Co. v. Baltimore & Ohio R. R. Co., 27 Pa. Superior Ct. 251; Kelton v. Fifer, 26 Pa. Superior Ct. 603; Edwards v. Woodruff, 25 Pa. Superior Ct. 575; Gromley v. Penna. R. R. Co., 211 Pa. 429; Peoples v. Phila., 62 Pa. Superior Ct. 553.

OPINION BY TREXLER, J., March 5, 1921:

The only question is whether the judge who tried the interpleader without a jury had a right to find for the defendant, notwithstanding the only witnesses called testified for the claimant. Did the judge capriciously disregard the testimony supporting the plaintiff's claim?

Plaintiff claimed the goods levied upon. Koshar, his son-in-law, was the defendant in the execution. The goods levied upon consisted of electric lights and fixtures. These had been sold as Koshar's property and bought by Englebach. . The story runs that the latter went to New York, saw Gerson, the plaintiff, said nothing to him as to the goods being those of his son-in-law, but told him he had some goods to sell and Gerson, who was a manufacturer of buttons, having some money to invest, bought the goods. He said he had heard nothing from his son-in-law as to this and knew nothing about the prior transaction. Later he contradicted himself in this regard stating that he had received a letter from his son-in-law on the date he bought the merchandise and that he had intended to buy the goods to fix up a store for his daughter. After the purchase was completed, no inventory of the goods was made, $2,000 was

the price, $300 in cash, the remainder secured by a judgment note. The goods were moved to a new place and the title of the business changed. They were insured for $7,500 and Koshar, the son-in-law, was given complete control of the business without being required to render any account. Some questions put to the claimant, he was unable or unwilling to answer. A careful consideration of his testimony, even without the opportunity the lower court had to observe the manner of the witness, convinces us that the witness was not giving a frank statement of the transaction. There are a number of contradictions.

We conclude that the testimony was not so positive, clear and convincing as to compel the trial judge to adopt it as a statement of fact. If the matter had been before a jury it would have required a submission to it. The inference can be legitimately drawn that the plaintiff was not engaged in business for his own account, but he was merely aiding his son-in-law in the prosecution of the latter's venture. The whole story of the claimant is improbable and we cannot convict the court of error in rejecting it.

Judgment affirmed.