# Kauffman *v.* Reese, Appellant.

*Practice, municipal court — Judgments — Subsequent term — Opening—New trial—Power of court.*

A judgment after a trial is in a sense within the control of the court during the term at which it was entered, but cannot be opened after the term, on a motion for new trial, unless the judgment was obtained by fraud extrinsic in character.

Argued October 18, 1921. Appeal, No. 214, Oct. T., 1921, by defendant, from judgment of Municipal Court, Philadelphia, November T., 1920, No. 718, awarding a new trial in the case of Henry A. Kauffman v. Jacob Reese. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit to recover commissions on sale of real estate. BONNIWELL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the defendant, upon which judgment was entered and satisfied. Subsequently an order was made vacating the findings and finding for plaintiff. The court later struck off the second order and granted a new trial. Defendant appealed.

*Errors assigned* were setting aside judgment for defendant and granting new trial.

*Ashton Locke Worrall,* for appellant.—The granting of a new trial is subject to review when based upon an error of law or abuse of discretion: Cleveland Worsted Mills v. Myers-Jolesh Co., 266 Pa. 309; Osterling v. Third United Presbyterian Congregation, 269 Pa. 71; Vilsack v. Wilson, 269 Pa. 77.

A court has no power to permit a motion for new trial after the term at which judgment was entered, the dis-

cretion of the court to grant a new trial ends with the expiration of the term: Syracuse Pit Hole Oil Co. v. Carothers, 63 Pa. 379; King v. Brooks, 72 Pa. 363; Pennsylvania Stave Company's App., 225 Pa. 178; McCready v. Gans, 242 Pa. 364; Miller v. Baker, 64 Pa. Superior Ct. 124.

*Harry M. McCaughey,* for appellee.—The right of the court to order a new trial of its own motion is indisputable: Com. v. Gabor, 209 Pa. 201; Cronrath v. Border, 27 Pa. Superior Ct. 15.

OPINION BY LINN, J., November 21, 1921:

·This is an appeal from an order made July 5, 1921, granting a new trial on the application of the plaintiff. The record shows that plaintiff, a real estate broker, brought suit to recover from the defendant commissions alleged to have been earned by finding a purchaser for premises which defendant desired to sell. The affidavit of defense denied the agency and the obligation. A jury trial was waived and the case was tried by the court. After the testimony was heard the court made the following order: "February 16, 1921. Court finds for defendant." The record shows that on February 18, 1921, defendant filed his bill of costs amounting to $8.50. The following entry next appears: "March 8, 1921. Judgment on findings." Upon the same date the record states that "By order of defendant's attorney filed this judgment is satisfied." We learn from one of the petitions and answers filed thereafter, and presently to be mentioned, that plaintiff voluntarily paid the costs and obtained the satisfaction of the judgment by the defendant, though it is stated that he did so without knowing at the time that there had been any error in the entry of the judgment. This allegation of error in the entry of the judgment is merely the allegation of the plaintiff; there is no proof of it, leaving aside what the effect of such proof might be. The court below nowhere states

that the judgment was inadvertently made and entered; the subsequent order vacating the judgment does not establish that it was inadvertently entered; though it does determine that at the time it was vacated the court had revised its former conclusion as stated on its own records.

Rule 3 of the municipal court provides: "The terms of this court, civil division, shall commence on the first Monday of each month." The term at which the judgment was entered (and also satisfied), therefore expired with the first Monday of April, 1921, when the April term began.

The record further shows that at the next term of the court on April 20, 1921, an order was made vacating the order of February 16, 1921, finding for defendant; this new order states "and court finds for plaintiff in the sum of $160.15"; at the same time the court filed a "memorandum opinion" printed in the record. In this opinion no reference is made to the finding for the defendant of February 16, 1921, or to the judgment entered thereon on March 8th, or to the satisfaction of that judgment, or to the vacating of the order on which that judgment was entered. On May 6, 1921, judgment was entered for the plaintiff for $160.15 pursuant to the finding of the court made on April 20th. On May 11, 1921, on defendant's petition, the court granted a rule on plaintiff to show cause why plaintiff's judgment of May 6, 1921, should not be stricken off, and the order of April 20th vacated. Plaintiff answered that petition on May 25, 1921, and as we understand the record certified to us, the court made defendant's rule absolute on May 26th, thereby striking off the order of April 20th and plaintiff's judgment entered May 6th. On May 26th, plaintiff filed a petition for a rule on defendant to show cause why plaintiff should not have leave to file a motion for a new trial nunc pro tunc, alleging that the trial judge inadvertently made the order of February 16th finding for defendant, and on the same day such leave was granted. On

the 28th of May he filed his motion for a new trial assigning the following reasons therefor: "First: That there was no evidence to support the finding of the court. Second: That the entry made by the trial judge in finding for the defendant, was purely a clerical error. Third: That the finding of the trial judge was inconsistent with the proofs adduced upon the trial, and the entry of the trial judge was a mistake. Fourth: The verdict was against the law." Without now reciting all the proceedings following that motion for a new trial, it is sufficient to say that on July 1, 1921, a new trial was granted.

The granting of the new trial is assigned for error. We must sustain the assignment because the order of the court granting the new trial has nothing to support it. This case was ended when the amount due on the judgment was paid by the plaintiff and the judgment was marked satisfied on March 8, 1921. All proceedings thereafter were nugatory.

We should perhaps add that the general finding of the court made February 16, 1921, was responsive to the issue presented by the pleadings. As the issue was one of fact, that finding had the effect of a general verdict of a jury upon the same issue: Peoples v. Phila., 62 Pa. Superior Ct. 553, and judgment was accordingly entered. Even though a judgment after a trial is in a sense within the control of the court during the term at which it was entered (laying aside for the moment that this judgment was satisfied), it cannot be opened after the term to consider a motion for a new trial unless the judgment was obtained by fraud extrinsic in character (a subject considered by this court in an opinion filed to-day in Powell v. Doyle) and of which there is no allegation here.

The first assignment of error is sustained and the order is reversed.