# Stein, Appellant, *v.* Hopewell Chocolate Co. et al.

*Interpleaders—Trial—Trial by court without a jury—Weight of evidence—Finding of court—Effect.*

When, on a trial an interpleader in the Municipal Court of Philadelphia by a judge without a jury, the only witness is the wife of the defendant in the execution, who claims that the articles in dispute had been purchased by her, and her testimony is not positive,

clear and convincing, the Judge is not compelled to adopt it as a statement of fact.

Where, in such an action, the plaintiff's case depends upon oral testimony and no requests are presented for findings of fact and conclusions of law, a general finding for the defendant, if it is responsive to the issue presented by the pleadings, has the force of a general verdict by a jury.

Argued December 14, 1925. Appeal No. 346, October T., 1925, by plaintiff, from judgment of M. C. Philadelphia County, May T., 1922, No. 185, in the case of Minnie Stein v. Hopewell Chocolate Co., Inc., a corporation and Israel Stein, individually and trading as Penn Confectionery Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Sheriff's interpleader to determine title to personal property. Before KNOWLES, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the defendant. Plaintiff appealed.

*Error assigned* was the finding of the court.

*M. Elwert,* and with him *Samuel W. Salus,* for appellants.

*Albert S. Longbottom,* and with him *Cornelius C. O'Brien, G. Lawrence Pape* and *Robert J. Byron,* for appellee.

OPINION BY TREXLER, J., February 26, 1926:

The Hopewell Chocolate Company, the original plaintiff, levied upon the goods of Israel Stein. They were claimed by his wife, Minnie Stein, and the matter came before the trial Judge sitting without a jury under sheriff's interpleader proceedings. Mrs. Stein, the claimant, was the only witness. The court entered judgment in favor of the Chocolate Company. The only point in the case is whether the trial Judge capriciously disregarded the testimony of the plaintiff.

The plaintiff testified that the articles in dispute had been bought by her. She had been married about fifteen years. She failed to state that she had any income of her own. The funds that she received were from her husband, who gave her a weekly allowance for household expenses. Out of this she claimed to have bought a piano, victrola, living room, dining room and bed room suits, and various other items; in fact, everything in the house, except a few wedding presents. She failed to produce receipts for any of the articles bought, nor did she call anyone with whom the transactions were had to corroborate her story. We decided in Gerson v. Pennsylvania Glass Manufacturing Co., 75 Pa. Superior Ct., 320, which was a trial of an interpleader, that where the claimant's testimony is not positive, clear and convincing, the judge is not compelled to adopt it as a statement of fact. Where a case is tried by the Municipal Court of Philadelphia, without a jury, and the plaintiff's case depends upon oral testimony and no requests are presented for findings of fact and conclusions of law, a general finding for the defendant if it is responsive to the issue presented by the pleadings has the force of a general verdict by a jury. Peoples vs. Philadelphia, 62 Superior Ct. 553; Flannery v. O'Hara, 62 Superior Ct. 555.

The assignments of error are overruled and the judgment is affirmed.