## Galanti's Petition

*Robert W. Beatty*, for petitioner.

*William J. MacCarter, Jr.*, district attorney, and *William R. Toal*, for Commonwealth.

FRONEFIELD, P. J., June 7, 1935.—On October 6, 1934, the district attorney presented his petition to revoke the liquor license of Battista Galanti which was granted to

him at 1315 Central Avenue in Chester for the period ending December 31, 1934.

The reasons set forth are: (1) That he furnished or gave liquor to minors; (2) that his employe sold, furnished, or gave liquor to minors; (3) that he sold or offered to sell liquor to certain persons on credit; (4) that he had or kept liquor, the package in which the liquor was contained was not sealed with the official seal of the board; (5) that he kept liquor which was not lawfully acquired prior to January 1, 1934, or had not been purchased from a Pennsylvania liquor store; and (6) that he used or permitted to be used liquor, the tax on which had not been paid.

A copy of this petition was served on the licensee on October 29, 1934, with a rule to show cause why the license should not be revoked, returnable November 14, 1934, at 10 o'clock a.m.

The licensee did not file an answer to the petition and the license was revoked, after hearing, on November 14, 1934. The defendant was in court, asking permission to surrender his license.

On January 11, 1935, the licensee presented his petition for a rehearing setting forth the grant to him of a license; that said license was revoked on November 14, 1934; that he did not violate the law, nor permit its violation; that in criminal proceedings arising out of said charge upon which his license was revoked, he was discharged; that he did not file an answer to the proceedings, because he had not employed counsel; that no testimony was offered at the revocation hearing and because of unfamiliarity with the English language he was unable to assert any of his just defenses; and that the action was taken upon false information by persons who desired him to be forced out of business, in retaliation for his refusal to admit them as patrons of his restaurant.

The petitioner asked for a rehearing, which was granted, and at the rehearing, the Commonwealth raised the question that the term having passed, it was too late

for the court, under the circumstances, to set aside its judgment. An adverse judgment will not be set aside based upon the findings of fact upon an issue submitted to the court after the term, unless obtained by fraud extrinsic in character: Powell v. Doyle, 77 Pa. Superior Ct. 520; McCready v. Gans, 242 Pa. 364. The findings of the court have the effect of a general verdict of a jury upon the same issue: Kauffman v. Reese, 77 Pa. Superior Ct. 601; Peoples v. Philadelphia, 62 Pa. Superior Ct. 553.

In Hambleton v. Yocum et al., 108 Pa. 304, which was cited by petitioner, the judgment was opened because "both the court and the defendants in error were grossly imposed upon".

In Kantor v. Herd et al., 276 Pa. 519, and Salus et al. v. Fogel, 302 Pa. 268, there were strong equitable grounds for the interference by the court in a statutory proceeding.

There are no equitable grounds in the present case to thus move the court. At the hearing, the defendant came into court and tendered his license to the district attorney for cancellation and was told he had no power to accept it.

And now June 7, 1935, the order made on January 11, 1935, granting a rehearing of the petition for revocation of the license is hereby revoked and annulled and the order of revocation entered on November 14, 1934, stands as entered.