## Bailey *against* Bucher.

. The plea of a tender, and paying the money into court, is such an admission of the plaintiff's cause as stated in his declaration, as precludes an objection to the form of action.

ERROR to *Dauphin* county.

This was an action of *assumpsit* by Joel Bailey, guardian of James M'Clintock, against John C. Bucher. James M'Clintock died intestate, seized of real estate and leaving issue, of whom Joel

[Bailey v. Bucher.]

Bailey was guardian of one, the plaintiff, and John C. Bucher of others. The estate of the minors was in charge of John C. Bucher, who received the rents, as alleged. And this action was brought by the plaintiff to recover the share of his ward. The defendant pleaded a tender as to 21 dollars 52 cents, and brought the money into court, and non *assumpsit* as to the balance of the plaintiff's claim.

The court, upon the request of defendant's counsel, instructed the jury, that under the facts of the case, the action of *assumpsit* was not maintainable, but account render only, except as to the amount tendered. Verdict for plaintiff for 21 dollars 52 cents.

*Rawn,* for plaintiff in error, as to the form of action, cited 12 *Mass.* 152; 9 *Mass.* 539; 3 *Pick.* 424; 7 *Pick.* 133; 1 *Con. Rep.* 175; 1 *Wend.* 470; 2 *Whart.* 37.

*Ayres* and *Johnston,* contra, cited 10 *Serg. & Rawle* 219; 8 *Cow.* 308.

The opinion of the Court was delivered by

SERGEANT, J.—The judgment in this case, we are of opinion, must be reversed, because the court instructed the jury that *assumpsit* was not maintainable, but the defendant was liable only in an action of account render. The objection to the form of the action being made after the plea of tender and payment of money into court, came too late. Paying money into court is an admission of the cause of action, stated in the declaration to the amount brought in. 2 *T. R.* 275; 5 *Burr.* 2649. It denies only the plaintiff's claim to a further amount. Here the cause of action in the declaration is a promise to pay in consideration of moneys received, and as the plea admits such promise to have been made, the action lies and the defendant is precluded from afterwards objecting to the form of action. The plaintiff was, therefore, entitled to go before the jury for such sum as he might be entitled to, if any, beyond the amount paid into court, and ought not to have been confined to that.

There does not appear to be any other error.

Judgment reversed, and a *venire facias de novo* awarded.