# Peter Dampman *v.* Pennsylvania Railroad Co., Appellant.

*Evidence—Declarations—Credibility of witness—Negligence.*

In an action by a passenger against a railroad company to recover damages for personal injuries alleged to have been caused by a defective rail, the track foreman testified that the track was in good condition, and, on cross-examination, denied that he had stated to certain persons on the day of the accident that the track was in bad condition. The court admitted, under objection, evidence of the track foreman's declarations, but instructed the jury that this evidence was merely for the purpose of enabling the jury to judge of the credibility of the witness, and was not admitted for the purpose of showing that the track was in bad condition at the time of the accident. *Held,* that the evidence was relevant and competent for the single, specific purpose for which it was admitted.

*Negligence—Passenger—Presumption—Question for jury.*

In an action by a passenger against a railroad company to recover damages for personal injuries, where it appeared that the passenger was injured by the overturning of the car, the case is for the jury where there is evidence that, at the point where the accident occurred, there was a defective rail; that the rail had been cracked one third through for some considerable time, that it had been in use for ten years, and looked old and worn.

Argued Feb. 13, 1895. Appeal, No. 227, July T., 1894, by defendant, from judgment of C. P. Chester Co., Aug. T., 1893, No. 139, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before WADDELL, P. J.

At the trial it appeared that on January 12, 1893, plaintiff, a passenger on defendant's train, was injured by the derailing and overturning of the car in which he was riding. Evidence for the plaintiff tended to show that, at the point where the accident occurred, there was a rail broken one third through, with the surface of the fracture covered with rust; that the rail had been used for ten years, and looked old and worn.

The defendant called as a witness Harrison Hendricks, the track foreman of the Downington and Lancaster Railroad, and in charge of the section where the accident occurred, who testified in chief as to the condition of the track and its daily inspection by his subordinates. Upon cross-examination he was asked by the counsel for the plaintiff if he had not, in a

conversation held on the day of the accident with Frank Ludwick, Richard Plank, Dr. Larkin, Logan Rogers, Joseph Dowlin and Edward Ray, said that the accident was not his fault, for he had reported this rail to the Pennsylvania Railroad Company as being a bad rail, that should be removed; that these men should not blame him, for he could not keep the road in repair, because they gave him old rails off the Pennsylvania Railroad, and that, showing other rails down in the track, he had said, " Here is another rail just like the rail that broke." All these conversations and statements the witness denied. In rebuttal, Ludwick, Plank and all the persons above named, were called, and, under objection by the defendant's counsel, permitted by the court to testify as to the conversations had with Hendricks alluded to in his cross-examination. [1–6]

Defendant offered evidence which tended to show that the track was in good condition, and that the rail had been broken by the cold; the thermometer being twelve to fourteen degrees below zero.

Defendant's point among others was as follows:

5. There is no evidence in this case of negligence upon the part of the defendant in either the construction of its track or the transportation of its passengers, and the verdict of the jury must be for the defendant. *Answer:* I cannot affirm that point, because, as I have already said to you, that if you are satisfied Mr. Dampman was injured and he was a passenger on this road for compensation, then the law presumes negligence, and the burden is upon the other side to remove that presumption; therefore, the evidence in the case is directed to the removal of that presumption. If the defendant has removed that presumption by its evidence, and the plaintiff has not met that, then your verdict will be for the defendant, but I cannot affirm this point in this language. [7]

Verdict and judgment for plaintiff for $3,920.38 and six cents costs. Defendant appealed.

*Errors assigned* were (1–6) rulings on evidence; (7) above instruction, quoting bill of exceptions, and instruction.

*John J. Pinkerton,* for appellant, cited, on the question of evidence: Pennsylvania R. R. v. Books, 57 Pa. 339; Erie Ry.

v. Decker, 78 Pa. 293; Huntingdon & Broad Top Mountain R. R. v. Decker, 82 Pa. 119; 1 Greenleaf on Evidence, sec. 449, p. 618; Griffith v. Eshelman, 4 Watts, 51; Hildeburn v. Curran, 65 Pa. 59; Elliott v. Boyles, 31 Pa. 65; Del. & Hudson Canal Co. v. Barnes, 31 Pa. 193; Erie & Wyoming Val. R. R. v. Smith, 23 W. N. C. 511; Penna. R. R. v. Butler, 57 Pa. 335; on the question of negligence: Fredericks v. Northern Cent. R. R., 157 Pa. 103; McPadden v. New York Cent. R. R., 44 N. Y. 478; Deyo v. New York Cent. R. R., 34 N. Y. 6; Lehigh Val. R. R. v. Brandtmaier, 113 Pa. 618; 2 Rorer on Railroads, 955; Sherman & Redfield on Negligence, 3 ed. p. 317, § 270; Meier v. Pennsylvania R. R., 64 Pa. 225; Cotton v. Wood, 98 Common Law Rep. 566.

*William Butler*, of *Butler & Windle*, for appellee, cited, on the question of evidence: Rothrock v. Gallagher, 91 Pa. 113; 1 Greenleaf on Evidence, ed. of 1876, § 462, p. 520; Com. v. Werntz, 161 Pa. 591; Com. v. Hunt, 4 Gray (Mass.) 421; Dawson v. Pittsburg, 159 Pa. 317; on the question of negligence: Fredericks v. North Cent. R. R., 157 Pa. 103; Deyo v. New York Cent. R. R., 34 N. Y. 6.

PER CURIAM, March 5, 1895:

Restricted, as it clearly was, to the single purpose of contradicting Mr. Hendricks, we think the testimony referred to in the first six specifications of error was rightly admitted. In ruling on one of the offers, the learned trial judge said : " We will admit this testimony simply for the purpose of affecting the credibility of Mr. Hendricks, with the distinct understanding that it cannot be used to affect any liability on the part of the company by any declarations made by Mr. Hendricks at the time of the conversation." Afterwards he pointedly cautioned the jury by saying, " they must not understand that this testimony is offered to show that Mr. Hendricks did give the company notice of this condition of affairs ; it is simply to contradict Mr. Hendricks when he says he did not tell these gentlemen so, and afford you an opportunity to judge how far you can rely on Mr. Hendricks when he has testified to certain facts in the case ; and the jury will not understand the testimony as given to implicate the company in maintaining improper rails on their road."

The testimony in question is clearly relevant and competent for the single, specific purpose for which it was admitted, and special care was taken by the court to prevent its being used for any other purpose. We find no error in either of the first six specifications, and they are therefore dismissed.

The only other specification of error is to the refusal of the court to charge as requested, in defendant's fifth point: " There is no evidence in this case of negligence, upon the part of the defendant, in either the construction of its track or the transportation of its passengers, and the verdict of the jury must be for the defendant." In view of the testimony, it would have been plain error to have affirmed this point as presented. It tended to prove that the plaintiff, while a passenger on one of defendant's cars in course of transportation over defendant's road, was severely injured, without any fault on his own part, and thus raise a presumption that the injury was the result of defendant company's negligence. In declining to affirm the point, the learned judge very properly said to the jury: " If you are satisfied that Mr. Dampman was injured, and he was a passenger on this road for transportation, then the law presumes negligence, and the burden is on the other side to remove the presumption. If the defendant has removed that presumption by its evidence, and the plaintiff has not met that, then your verdict will be for the defendant." This was quite as favorable to the company as it could reasonably ask.

The case depended on questions of fact which were for the exclusive consideration of the jury. They were all fairly submitted to them in a very clear and comprehensive charge to which no just exception can be taken. We are all of opinion that the judgment should not be disturbed.

Judgment affirmed.