|174   369|
|s187  524|

# William Henry Giberson v. The Patterson Mills Company, Appellant.

*Principal and agent—Declarations of agent—Evidence.*

Declarations and admissions of an agent made after a transaction is fully completed and ended are not admissible.

*Negligence—Declarations of agent—Evidence.*

In an action to recover damages for personal injuries it appeared that. plaintiff was injured by the breaking of an iron hanger used for holding up shafting in defendant's mill. The court admitted declarations of the superintendent of the mill made away from the mill several days after the occurrence, to the effect that the hanger had been condemned, and should not have been put up. The court charged that if what the superintendent had said in relation to the hanger was true, the plaintiff might recover. *Held*, that the admission in evidence of the declarations of the superintendent and the instructions of the court relating thereto were error.

*Negligence—Fellow servant—Charge of court.*

Plaintiff was injured by the breaking of an iron hanger in a mill. There was some testimony tending to show that the hanger was broken in consequence of either the plaintiff or a fellow servant carelessly and improperly tightening the set-screws. Defendant requested the court to charge that if the hanger was strong enough and would not have been broken if plaintiff or the other workman had adjusted the set-screws in a careful and skillful manner, the verdict should be for the defendant. The court answered "That is also affirmed upon the point of the plaintiff being guilty of contributory negligence, if he did not skillfully and properly, with ordinary care put up the machinery. He was not bound to take extraordinary care." *Held*, that the answer was erroneous inasmuch as it ignored the effect that may have resulted from the possible negligence of the fellow servant.

Argued Feb. 19, 1896.   Appeal, No. 187, Jan. T., 1896, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1894, No. 114, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ.   Reversed.

Trespass for personal injuries.   Before CLAYTON, P. J.

At the trial it appeared that on February 10, 1893, the plaintiff, an employee of the defendant, was injured by the breaking of an iron hanger used for holding up shafting in the defendant's mill.   There was some evidence that the hanger broke by the set screws being unduly tightened either by the plaintiff or by a fellow workman named Taylor.

When the plaintiff was on the stand he testified under objection and exception to a conversation which he had with a Mr. Davis who was defendant's superintendent, as follows:

Q. He was the general superintendent of the mill? A. Yes, sir. Q. Had charge of the whole establishment? A. Yes, sir. Q. Who told you about the hanger? A. Mr. Davis told me that the hanger had been condemned. Q. Previous to your using it? A. Yes, sir. Q. And even after its condemnation it had been used twice? A. Yes, sir. Q. You were then ordered to put it up? A. Yes, sir. Q. When did this conversation take place? A. Monday following the accident. [1]

Plaintiff's wife testified under objection and exception that at the same time and place she had heard Mr. Davis say that the hanger should not have been put up there, that it was a condemned hanger and had been used twice before in the mill. [2]

Plaintiff's daughter testified under objection and exception that at the same time and place she had heard Davis say that the hanger had been used in two other departments of the mill and had been condemned. [3]

The court charged in part as follows:

[Now, if that be true, if the superintendent, the man in charge, a man who had the power to employ or discharge workmen, if he knew that the hanger had been condemned, that it was structurally weak, that it was not fit for the work it was intended to do and that it would be dangerous to use it, then the plaintiff may recover.] [4]

Defendant's points were among others as follows:

7. If the hanger was sufficient for the purpose for which it was to be used; was strong enough to hold the shaft and box, and would not have been broken had the plaintiff or Taylor adjusted the set screws in a careful and skillful manner, the verdict should be for the defendant. *Answer:* That is also affirmed upon the point of the plaintiff being guilty of contributory negligence. If he did not skillfully and properly, with ordinary care put up the machinery, he was not bound to take extraordinary care; ordinary care is all the plaintiff was bound to use. [5]

9. If the hanger was broken by either Taylor or the plaintiff or both, by accidentally tightening the set screws, the verdict

should be for the defendant. *Answer:* That, gentlemen, I can't affirm; because, unless the hanger was broken by either Taylor or the plaintiff by tightening the set screws there would be no evidence of contributory negligence at all, and if the defendant knew of the defect he would be liable. If the defendant knew of the defect the mere fact of accidentally tightening the set screws too much would not relieve the defendant, and I therefore decline to affirm this ninth point. [6]

10. Under all the evidence the verdict should be for the defendant. *Answer:* I decline to so charge you. You may find for either the plaintiff or defendant. The questions are entirely for you. The court has no power to take it from you. The great question, gentlemen, in this case is, can you rely with certainty upon the statement of the plaintiff, his wife and daughter, that Mr. Davis, the superintendent, knew that this was imperfect machinery, and that it was before condemned. [7]

Verdict and judgment for plaintiff for $1,250. Defendant appealed.

*Errors assigned* were (1, 2, 3) rulings on evidence, quoting the bill of exceptions; (4–7) above instructions, quoting them.

*Isaac Johnson, William H. Harrison, Jr.,* with him, for appellant.—The declarations of Davis were no part of the res gestæ. Davis was not such an agent as could bind the defendant in such a case by his declarations: Shaffer v. Haish, 110 Pa. 575; Oil City Supply Co. v. Boundy, 122 Pa. 449; American Steamship v. Landreth, 102 Pa. 131; Bigley v. Williams, 80 Pa. 107.

*A. A. Cochran, Albert Dutton MacDade* with him, for appellee.—Davis was such a general superintendent that his knowledge was the defendant company's knowledge: Lehigh Valley Coal Co. v. Jones, 86 Pa. 432; Frazier v. Penna. R. R., 38 Pa. 104; Lewis v. Seifert, 116 Pa. 628; Oil City v. Boundy, 122 Pa. 449.

Declarations to be admissible as part of res gestæ do not have to be contemporaneous with the accident, but they have been admitted especially where made by an agent of the defendants, where there has been casual relation between the time of the accident and the declaration, and if they are voluntary and sponta-

neous, and have not the idea of deliberate design; in such cases they are to be regarded as contemporaneous: Union R. R. v. Reigel, 73 Pa. 72; Stockton v. Demuth, 7 Watts, 39; Dodge v. Bache, 57 Pa. 421; Rhinesmith v. Freight Co., 90 Pa. 262; Oil City v. Boundy, 122 Pa. 449; Phila. & Reading R. R. v. Huber, 128 Pa. 63.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 16, 1896:

Plaintiff was injured by the breaking of an iron hanger,—used for holding up shafting in defendant company's mill,—while he and a fellow workman, named Taylor, were putting the hanger in place.   On the trial, the court permitted plaintiff to prove declarations of the superintendent of the mill,—made several days after the occurrence and away from his place of business,—to the effect that the hanger had been condemned, and should not have been put up there, etc.   In his charge, the learned trial judge commented on this testimony, and instructed the jury that if what the superintendent had said in relation to the hanger were true, the plaintiff might recover.   In refusing to affirm defendant's tenth request for instructions recited in the seventh specification, he also said, inter alia: " The great question, gentlemen, in this case, is can you rely with certainty upon the statement of the plaintiff, his wife and daughter, that Mr. Davis, the superintendent, knew that this was imperfect machinery, and that it was before condemned."

In admitting the declarations of the superintendent of the mill, made in the circumstances disclosed by the testimony of the witnesses, and in afterwards instructing the jury, as he did, in relation thereto, we think there was error.   It has been held, in a long line of cases, that admissions made by an agent as to past occurrences, are not competent evidence to affect his principal: Huntingdon etc. Railroad Co. v. Decker, 82 Pa. 119, and cases there cited.   Speaking for this court, Mr. Justice MERCUR, in that case, said, " It is a well established rule, that the declarations of an agent, made at the time of the particular transaction which is the subject of the inquiry, and while acting within the scope of his authority, may be given in evidence against his principal, as a part of the res gestæ.   It is equally well settled that the declarations of an agent made after the transaction is fully completed and ended, are not admissible."

This principle has been recognized with approval in subsequent cases including Dampman v. Penna. Railroad Co., 166 Pa. 520. It therefore follows that the first four and the seventh specifications must be sustained.

The learned judge's answer to defendant's request for charge recited in the fifth specification is also erroneous, in that it ignores the effect that may have resulted from the possible negligence of Taylor, plaintiff's fellow workman, in unskillfully and negligently adjusting the set-screws too tightly—so much too tightly that the hanger was thereby broken. This was by no means an unimportant matter, because there is some testimony tending to show that the hanger was broken in consequence of carelessly and improperly tightening the set-screws, by either Taylor or the plaintiff.

Judgment reversed, and a venire facias de novo awarded.