## Kantor v. Herd et al.

*Mechanic's lien—Judgment—Opening judgment—Negligence of counsel—Equitable relief—Defining curtilage—Act of June 4, 1901, P. L. 431.*

1. Where a mechanic's lien has been entered against premises, and the owner thereof has furnished data to her attorney to file an

affidavit of defense, and he through negligence files an affidavit of defense in the nature of a statutory demurrer, on which judgment is entered, the owner is entitled, if she acts promptly, to have the judgment opened so that she may file an affidavit of defense on the merits.

2. If the owner acts with due diligence, the fact that the application to open was made on the first day of the term following the actual entry of the judgment, will not defeat her right to equitable relief.

3. In such case, after the judgment is opened the owner may present her petition to have the curtilage set aside.

4. Under section 23 of the Act of June 4, 1901, P. L. 431, the owner is not bound to make claim in the affidavit of defense to have the curtilage set aside; claim may be made by petition before judgment, and, if judgment is opened, it may be made thereafter. Hiestand v. Keath, 229 Pa. 149, explained.

Argued Feb. 5, 1923. Appeals, Nos. 25-8, Jan. T., 1923, by Emma C. Herd et al., from orders of C. P. Bucks Co., Dec. T., 1920, Nos. 18 and 19, refusing to open judgment, refusing to permit filing supplemental affidavit of defense, and refusing to have curtilage set aside, in case of L. Kantor, trading as L. Kantor & Co. v. Emma C. Herd, owner or reputed owner, and Anderson T. Herd, contractor. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Scire facias sur mechanic's lien. Before RYAN, P. J.

Rules to open judgment, to permit filing of supplemental affidavit of defense and petition to set aside curtilage.

The opinion of the Supreme Court states the facts.

Rules discharged and petition dismissed.

Emma C. Herd, owner, et al., appealed.

*Errors assigned,* inter alia, were the various orders, quoting them.

*Webster Grim,* with him *Harry E. Grim,* for appellants.—The court below misapprehended the ruling of this court in Hiestand v. Keath, 229 Pa. 149.

.If the allowance of the amendment necessitated the opening of the judgment, the court below should not have hesitated to do so, since the opening would not affect the lien itself: Kemper v. Richardson, 72 Pa. Superior Ct. 115; Bordentown Banking Co. v. Restein, 214 Pa. 30.

The test is whether defendant has a meritorious defense or not, and whether it has been presented to the court: Pittsburgh Construction Co. v. R. R., 227 Pa. 103.

There were strong equitable considerations which the court should have considered sufficient before it made its finding: Fuel City Mfg. Co. v. Waynesburg Corp., 268 Pa. 441.

*Clarence L. Mitchell,* for appellee.—A judgment for want of a sufficient affidavit of defense has never, under existing practice, been regarded as a judgment by default: Abeles v. Powell, 6 Pa. Superior Ct. 123.

The equitable grounds on which the court can open a judgment after the term in which it is entered, are fraud in its procurement (as in Wickel v. Mertz, 49 Pa. Superior Ct. 472) or by reason of a clerical mistake (as in Stephens v. Cowan, 6 Watts 511). That the defense was not presented through the mistake or neglect of defendant, or his agents, or his attorney, does not furnish such equitable grounds to open a judgment: Gazzam v. Reading, 202 Pa. 231; McEvoy v. Cab Co., 267 Pa. 527.

Hiestand v. Keath, 229 Pa. 149, rules this case on the question of curtilage.

OPINION BY MR. JUSTICE SADLER, February 26, 1923:

Anderson T. Herd was the owner of certain land in Bucks County, containing 178 acres, intended for operation as a stock farm. He desired to improve the premises by remodeling the dwellings and the various buildings attached thereto, as well as build a garage and install a water supply and drainage system. The materials for the foundations of the new structures were furnished by him. On May 22, 1919, he entered into a written con-

tract with the plaintiff to do a part of the additional work required. Two months later, he conveyed the property to his wife, who is one of the present appellants. Subsequently, in August of the same year, a second agreement was made by the husband with the appellee, and in the following months, until November, four additional verbal contracts, for work upon the buildings, were entered into. In the following spring, all construction operations ceased because of failure to make payment of the sums due. On September 3, 1920, a mechanic's lien was filed, based upon the claim under the first contract, and, in the following month, a second lien was entered for the additional amounts payable. Herd filed no affidavit of defense, but joined with his wife in a motion to strike off the liens, which was refused. Mrs. Herd, appellant, filed in addition an affidavit of defense in which certain facts were set forth, but evidently intended to raise legal objections,—in effect a statutory demurrer,—and this was overruled and judgment entered for Kantor.

Thereafter, on the first day of the following term, an application was made to the court to open the judgment and permit the filing of a supplemental affidavit of defense, directed solely to the merits. A request was also made by petition that the curtilage of the property liened be designated, but both motions were refused. From the decision of the court in refusing to open, we have the first appeal in this case; from its refusal to permit the filing of the supplemental affidavit of defense, the second; from the refusal of the application to have the curtilage set aside, the third; and a fourth appeal has been taken to preserve the rights of a mortgagor, who has asked to intervene so that the portion of the farm liable to the lien may be designated. All of these appeals have been argued together, and are considered as one proceeding, since the facts are so interwoven that a disposition of the entire controversy can best be reached in this way.

If the questions raised on the appeals entered to Nos. 26 and 28 January Term, 1923, are sustained, the solution of the contentions in Nos. 25 and 27 can be more easily reached. In No. 28, complaint is made of the refusal of the court to open the judgment entered, and, in No. 26, of the disallowance of the application to file an additional affidavit. It appeared that counsel had been employed by Mrs. Herd to interpose for her a proper defense to the collection of the claims, and data had been furnished so that the matter could be presented properly to the court and jury. The one employed, as already noted, filed a paper in which certain facts were set forth, but which, in reality, was a statutory demurrer denying the right of the plaintiff to recover on certain legal grounds. To the application to open, a demurrer was interposed,—a peculiar pleading, under the circumstances, —but which, for present purposes, admits the facts set forth in the petition, and shows the appellant was not negligent in attempting a defense, but that she has been injured by the failure of her counsel, through illness or oversight, to submit the facts which were proper for a jury to pass on before judgment was entered against her. The Mechanic's Lien Act of June 4, 1901, P. L. 431, section 51, contemplates the allowance of amendments, in appropriate cases, as a matter of right. It uses the phrase, however, that such permission should be given where the judgment was one by default, and it is now claimed by appellee that the order in the present case was not of that character, since a paper, called an affidavit of defense, was filed in the court below and disposed of. Under the attending circumstances, we are not prepared to say this was a judgment on the merits, but the sustaining of a statutory demurrer, a pleading evidently thus intended by counsel who filed it. Even if that were not so, appellant is entitled to relief where, as here, it appears she acted with due diligence, and the adverse judgment, if such it may be called, was not the result of her own act, but of the sickness or oversight of her profes-

sional adviser: Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441; Thermo Water Lift Co. v. Air Tight Steel Tank Co., 272 Pa. 91.

Doubtless, this view would have been taken by the learned court below, except for its construction of the Act of 1901, which led to the belief that a judgment could not be opened unless it was one entered by default. Under the facts here disclosed, such a determination, in our opinion, should not be made. The equitable grounds presented fully justify an order which would permit appellant to make a defense on the merits. It was also suggested that the application could not be considered because made on the first day of the term following the actual entry of the judgment. It was presented within a few days of filing the original order, and we see no reason,—in the case of a statutory rather than a common law proceeding, if due diligence appears,—why appropriate action should not be taken, though the term had passed. The view we take renders necessary the reversal of appeals Nos. 26 and 28.

The appeal in No. 25 is based on the refusal of the court below to grant an application to set aside the curtilage, it being contended that the work done upon a small portion of the farm did not justify, under any circumstances, the entry of a mechanic's lien against the entire 178 acres, and the same question is raised in appeal No. 27, where the mortgagor, acquiring his rights after the work was commenced, intervened, and makes like complaint. The court below, resting its decision on Hiestand v. Keath, 229 Pa. 149, held that Mrs. Herd was without right to apply for such relief, under section 23 of the Mechanic's Lien Act of 1901, in that she was an owner of the property, and, having been served with the scire facias on the lien, was bound to make such claim in any affidavit of defense which she might file; and attention is called to the fact that, where judgment has been recovered, advantage can be taken of such provision only by others than those made party to the pro-

ceeding. It is true that in the case mentioned,—which, however, turned upon the correctness of a decision of the lower court refusing to strike off a judgment, a kind of pleading not contemplated by the portion of the act referred to,—it is said that such complaint, when made by the owner served, must be by way of affidavit of defense, but this is mere dicta. The section says: "Any party having a lien against estate in or charge upon the property included in such claim, may file his petition......" The owner, of course, has an estate in his property. A later sentence provides that relief shall be granted "at the instance of others than those personally served with the scire facias, [and] such rule shall be allowed, though judgment be recovered on the claim." This recognizes that the rule may be granted if no judgment has been recovered, and hence the owner, though served, is entitled to this relief. However, in the same section it is stated: "Like proceedings shall be had if the petition shall aver that the claim is for any reason invalid, has been paid, waived or released, or should not legally or equitably be allowed as a claim against the property," which provision was inserted for the benefit of the owner.

Inasmuch as a judgment was recovered in the present case before the application by the owner to have the curtilage determined, it would appear that the phrase, "at the instance of others than those personally served with the scire facias, such rule shall be allowed, though judgment be recovered on the claim," leaves her in no position to demand the relief asked for in her petition, having been duly served with process; but this question becomes immaterial, in view of the fact that the judgments are herein directed to be opened and the defendants let into a defense. Ample opportunity is therefore given to have considered the application to set aside the curtilage, as defined by section 3, of the Mechanics' Lien Act. It is hard to understand how the work done in this case could be considered of such character as to justify a lien upon the entire farm, though it is asserted by the claimant

that the buildings upon which the work was done formed one single business, residential plant or stock farm.

The judgment in each of the appeals is reversed, and the record returned to the court below with directions to proceed in accordance with the views expressed in this opinion.