Bergen et ux., Appellants, *v.* Lit Brothers et al.

Argued October 1, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Robert C. Kitchen,* for appellants.

*Raymond A. White, Jr.,* for appellees.

OPINION BY ARNOLD, J., January 18, 1946:

Plaintiffs brought an action of trespass for compensatory and punitive damages charging assault and battery, false imprisonment and slander against Lit Brothers, a corporation, and Robert S. Smith and Betty M. Bauer who were its employees and detectives and alleged to be the actual tort feasors. The wife plaintiff claimed that she was charged with being a shoplifter by Smith and Miss Bauer the store detectives, and in the course of being interrogated, was physically abused, detained against her will and slandered. The defense was that she was a shoplifter, and had signed a confession. The verdict·was for the wife plaintiff against Smith for $250, against Bauer for $250, and against Lit Brothers for $2500, and for the husband plaintiff against the same defendant for $100. The liability of Lit Brothers was under the doctrine of respondeat superior, and it filed a motion for a new trial. While this was pending the wife plaintiff entered judgments on the verdicts against Bauer and against Smith. The court granted a new trial as to Lit Brothers, and during the

same term in which the judgments were entered against Smith and against Bauer, struck off these judgments, and on its own motion granted new trials. From these various orders appeals were taken by the respective plaintiffs.

The court had the power to grant a new trial as to Lit Brothers on the latter's motion regularly made. The court stated in its opinion, "We all feel that the interests of justice clearly require the granting of a new trial," and "the verdicts . . . give us all the conscientious feeling that there has been a miscarriage of justice." We fully agree with the reason assigned by the court.

It is contended that the court had no power of its own motion to strike off the judgments entered against Smith and against Bauer and particularly after the amount of each judgment had been tendered in open court by the defendants. The judgments were stricken off within the term. Such power exists and has been exercised in various cases such as *Trerotola v. Philadelphia et al.*, 346 Pa. 222, 29 A. 2d 788, and has been assumed or indicated to exist in *Kauffman v. Reese*, 77 Pa. Superior Ct. 601, 604; *Bekelja v. James E. Strates Shows, Inc.*, 349 Pa. 442, 37 A. 2d 502; *King v. Brooks*, 72 Pa. 363. See also: 34 C. J., Judgments, section 545. Appellants say that in these cases some motion or action was taken by one or more of the parties asking for relief. But the power of the court, during the term, to control an adverse judgment, does not depend upon somebody filing a paper. It is within the inherent power of the court to control such a judgment within the term where the interests of justice require.

Appellants argue that tender of the amount of the judgments against the actual tort feasors (servants) is an admission of liability conclusive on them and their master, Lit Brothers, and binding on all in any retrial —which is therefore futile.

It is true that a tender prior to verdict is an admission of liability for an assumpsit declared upon and this

to the extent of the amount tendered: *Bailey v. Bucher,* 6 Watts 74, and 62 C. J., Tenter, section 67. The better considered cases apply the same rule in tort actions: *Bacon v. Charlton,* 7 Cush. 581; *Wells v. Missouri-Edison Electric Co.,* (Mo.) 84 S.W. 204; *Ill. C. R. Co. v. Cole,* (Ill.) 46 N.E. 275 affirming 62 Ill. App. 480; *Perren v. Monmouthshire R. & Canal Co.,* (England) 11 C. B. 855.

The reason for the rule is that if one voluntarily tenders what he says is the correct amount of damages, this must admit the liability upon which those damages are predicated. It is possible to make a qualified tender denying liability. The effect of a tender before verdict must not be confused with the doctrine of res adjudicata which always depends upon a valid subsisting judgment.

But after judgment is entered on the verdict there is no room for any *admission* of liability by the defendant. That liability has been *adjudicated.* An offer to pay the judgment is, therefore, not an admission of any liability, and is not a *tender* at all, except in the limited sense of a step in compelling the satisfaction thereof.

Therefore, where the plaintiff refuses an offer of payment of an adverse judgment and it is thereafter validly vacated by the court on its own motion, such offer of payment is an admission of nothing except the purpose of the defendant not further to litigate. If the plaintiffs in the instant case had accepted the tender and satisfied the judgments a different question might have been presented. This they elected not to do, and they cannot complain that the court vitiated judgments which they themselves refused to satisfy. When the case is tried again the trial will proceed de novo, and the so-called tenders of payment of the judgments will not be construed as admissions of liability. Cf. *Planters' Bank of Tennessee v. The Union Bank of Louisiana,* 16 Wallace 483, 21 L. Ed. 473.

It would be helpful to this court, and probably to the trial court, if when both compensatory and punitive

damages are claimed, the court instruct the jury to render the amount of the compensatory damages and the amount of the punitive damages in separate sums. See *Givens v. W. J. Gilmore Drug Co.*, 337 Pa. 278, 286, 10 A. 2d 12. Thus each can be reviewed without disturbing the other.

The orders of the court below granting new trials are affirmed.