Bergen et ux., Appellants, *v.* Lit Brothers et al.

536

Argued May 29, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Robert C. Kitchen,* for appellants.

*Raymond A. White, Jr.,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, June 25, 1946:

In this action there are three defendants, Lit Brothers, a corporation which operates a department store in Philadelphia, and Robert S. Smith and Betty M. Bauer who are store-detectives in Lit Brothers' employ. The suit was brought to recover compensatory and punitive damages arising from an alleged assault and bat-

tery, false imprisonment and slander committed against the wife-plaintiff, Dorothy M. Bergen, by the two individual defendants, for whose acts, it is claimed, the corporate defendant is also responsible. Verdicts were rendered in favor of Mrs. Bergen in the sum of $250 against defendant Smith, $250 against defendant Bauer, and $2500 against defendant Lit Brothers, the larger verdict against the latter being no doubt based upon its presumably greater ability to pay; there was also a verdict of $100 in favor of the husband-plaintiff, Francis S. Bergen, against Lit Brothers. The corporate defendant moved for a new trial. Pending the hearing on this motion the wife-plaintiff entered judgments on her verdicts against Smith and Bauer. Counsel tendered in open court the sum of $500 in payment of those judgments but she refused to accept it. The court granted a new trial not only as against Lit Brothers but also, on its own motion, as against the individual defendants, at the same time striking off the judgments which had been entered against them. Plaintiffs thereupon appealed to the Superior Court, which affirmed the order of the court below (158 Pa. Superior Ct. 469, 45 A. 2d 373). The present further appeal is by virtue of a special allocatur.

The trial court granted the new trial in favor of Lit Brothers on the ground that the story told by the wife-plaintiff was "implausible", that the court had "the conscientious feeling that there has been a miscarriage of justice," and that it felt that "the interests of justice clearly require the granting of a new trial". It certainly had the power—indeed, "feeling" as it did, the duty—of awarding a new trial to Lit Brothers; apparently this is not seriously questioned. What appellants deny is its right to grant similar relief to the individual defendants in view of the fact that they had not asked for it. But the right of a court to order a new trial of its own motion is indisputable: *Gallagher v. Blankenburg*, 248 Pa. 394, 400, 94 A. 132, 134; *Commonwealth v.*

*Jones,* 303 Pa. 551, 554, 154 A. 480, 481, 482; *Brown v. George,* 344 Pa. 399, 401, 25 A. 2d 691, 692; *Trerotola v. Philadelphia,* 346 Pa. 222, 226, 29 A. 2d 788, 789; *Dempsey v. First National Bank of Scranton,* 353 Pa. 473, 46 A. 2d 160, 161; *Gerber v. Jones,* 151 Pa. Superior Ct. 489, 491, 494, 495, 30 A. 2d 534, 536, 537. And so, where there are several defendants, if the court is of opinion that the interests of justice require it, it may order a new trial as to *all* the parties on the record, although there are some who have not complained of the verdict against them: *Brogan v. Philadelphia,* 346 Pa. 208, 210, 29 A. 2d 671, 672; *Gerber v. Jones,* 151 Pa. Superior Ct. 489, 492, 30 A. 2d 534, 536.

Was the court deprived of this power because of the previous entry of judgments on the verdicts against the individual defendants? The answer is in the negative because the court always has control of judgments within the term in which they were entered, and the party in whose favor a verdict was obtained cannot curtail that power by the mere act of filing an entry of judgment: *King v. Brooks,* 72 Pa. 363; *Lance v. Bonnell,* 105 Pa. 46; *Fisher v. Hestonville, Mantua & Fairmount Passenger Rwy. Co.,* 185 Pa. 602, 604, 40 A. 97; *Giles v. Ryan,* 317 Pa. 65, 69, 176 A. 1, 2, 3; *Iacovino v. Caterino,* 336 Pa. 308, 9 A. 2d 620; *Trerotola v. Philadelphia,* 346 Pa. 222, 225, 29 A. 2d 788, 789; *Bekelja v. Strates Shows, Inc.,* 349 Pa. 442, 444, 37 A. 2d 502, 503; *Kingsdorf v. Gamburg,* 147 Pa. Superior Ct. 84, 90, 91, 96, 24 A. 2d 140, 143, 145. Appellants seek to hold the judgments for the purpose of having them operate as *res adjudicata* against Lit Brothers on the principle that a judgment against an agent tortfeasor is conclusive as against his employer *(U. S. National Bank of Portland v. Union National Bank of Philadelphia,* 268 Pa. 147, 160, 110 A. 792, 796; *Maguire v. Wheeler,* 317 Pa. 193, 196, 176 A. 441, 442)* ; thus, when the new trial is had, the only issue as to the corporate defendant would be the amount of the damages. We need not discuss the merits of this posi-

tion because, the judgments having been properly vacated, they have no more future effect than if they had never existed.

It is urged that the court had no right to grant a new trial for the benefit of the individual defendants after they had tendered payment of the judgments against them. Although the wife-plaintiff was within her rights in refusing to accept the tender because she had the privilege of electing which of the verdicts in her favor she desired to collect and would naturally select the one most favorable to her *(Fox v. The Northern Liberties,* 3 W. & S. 103, 106; *Brennan v. Huber,* 112 Pa. Superior Ct. 299, 304-306, 171 A. 122, 123, 124; *Randall v. Fenton Storage Co.,* 121 Pa. Superior Ct. 62, 182 A. 767), the tender itself cannot be construed as an admission on the part of the individual defendants, nor did it in any manner impair the rights of the corporate defendant. Its obvious purpose was to effect a settlement of the action against all three of the defendants by the payment of $500, for the acceptance of the payment, as plaintiffs apparently realized, would have amounted to such a voluntary act of election as automatically to have worked a satisfaction of their verdicts against Lit Brothers as well. Thus the tender was in reality a conditional one and not a conclusive confession of liability on the judgments. Moreover, no statement, act or conduct on the part of the individual defendants, subsequent to their commission of the alleged tort, could prejudice their principal: *Giberson v. Patterson Mills Co.,* 174 Pa. 369, 372, 34 A. 563; *Scheel v. Shaw,* 252 Pa. 451, 461, 97 A. 685, 688; *Orluske v. Nash Pittsburgh Motors Co.,* 286 Pa. 170, 174, 133 A. 148, 149; *Campbell v. G. C. Murphy Co.,* 122 Pa. Superior Ct. 342, 346-348, 186 A. 269, 271.* Therefore the tender made on their behalf did

---

* So firm is this rule that, where there are two defendants on the record, and evidence, though properly admissible against one, is not admissible against the other and would serve greatly to prejudice the latter's rights, it must not be admitted even though

540

not militate against the corporate defendant nor impair the power of the court to order the new trial as to all the defendants.

The order of the Court of Common Pleas, affirmed by the Superior Court, is affirmed.

---

the plaintiff offering it is thus precluded from the exercise of a right he would have had if the proceeding had been only against the one defendant: *McShain v. Indemnity Insurance Co. of North America*, 338 Pa. 113, 119, 120, 12 A. 2d 59, 61, 62.