## Commonwealth v. Bishop

*Walter Lee Bishop, p. p.,* for petitioner.

*Albert Foster,* district attorney, for Commonwealth.

*John P. Sipes,* solicitor, for Fulton County.

SHEELY, P. J., May 22, 1951.—Defendant, convicted and sentenced on a charge of second degree murder, has filed a petition praying that he be furnished with

a copy of the records and of the notes of testimony taken in his case. The District Attorney of Fulton County and the county solicitor have moved to quash the rule issued thereon, assigning a number of reasons. The motion to quash the rule may be considered as a demurrer to the petition, and we will so consider it: Bekelja v. James E. Strates Shows, Inc., 349 Pa. 442, 443 (1944) ; Vallish et ux. v. Rapoport, 364 Pa. 25, 29 (1950).

Respondents are entirely correct that petitioner is not entitled to a copy of the notes of testimony for the reasons assigned in his petition. The Act of June 25, 1948, 62 Stat. at L. 954, as amended, 28 U. S. C. §1915, applies only to the bringing or defending of actions in the United States courts without prepayment of fees, etc., or the costs for the printing of records in the appellate courts of the United States, and does not apply to State courts. They are also correct that the Act of July 1, 1937, P. L. 2664, 12 PS §1894, cited by petitioner, is not applicable. That act applies to writs of habeas corpus and merely provides that:

"For the purposes of the inquiry, the records of all proceedings and testimony shall be available to the petitioner or his counsel for inspection in the court where the application is made, regardless of where the proceedings against the person detained are pending."

This statute refers to the original record and provides for the exhibition of the record in the court in which the person detained might file a writ of habeas corpus. There is nothing in the act which entitles petitioner to a copy of the record at the expense of the county. Respondents are also correct that the petition is improperly filed in the court of common pleas, which has no jurisdiction whatever over the subject matter.

However, section 2 of the Act of May 1, 1907, P. L. 135, as amended, 17 PS §1802, does provide for the employment of an official stenographer to report all pro-

ceedings of the court of oyer and terminer and general jail delivery whenever requested by any defendant, and further provides:

"That in all cases tried in the several courts of oyer and terminer and general jail delivery, the defendant or defendants shall be furnished with a copy of the notes of testimony taken at his, her or their request, which said notes shall be paid for by the county in which said case is tried."

It is not required, as suggested by respondents, that petitioner allege any irregularities in the proceeding as a prerequisite to securing the copy. The purpose of having a copy of the testimony furnished to petitioner is to enable him to ascertain if there has been any irregularity. Nor is it necessary that the notes of testimony be taken at the request of defendant. Where an official stenographer is present and engaged in reporting the trial, a request by defendant that the trial be reported would be useless. Nor does the fact that the time for appeal has elapsed deprive defendant of his right to a copy of the testimony. The statute does not so limit it and defendant may desire the copy to determine whether he has any rights, other than appeal, which might be asserted.

In this case we must bear in mind that the petition was not prepared by a lawyer but by defendant himself or by some layman for him. Since the statute referred to does give him the right to a copy of the testimony at the cost of the county he should be accorded that right even though he alleges the wrong reasons in support of his request and even though the petition was filed in the wrong court.

We realize that the transcription of the testimony will be additional expense upon the county which has already been burdened with considerable expense in connection with this trial and the furnishing of counsel for defendant. It is also true that able counsel, who

were chosen by defendant himself, were satisfied that there was no basis for a motion for a new trial or any further proceedings. However, defendant's right to the copy of the testimony is provided by an act of the legislature passed, no doubt, in a zealous desire to protect rights of defendants in criminal cases and to prevent any possible denial of those rights, and defendant cannot and should not be deprived of it.

And now, May 22, 1951, it is ordered and decreed that defendant's petition for a copy of the notes of testimony in his trial be certified from the Court of Common Pleas of Fulton County to the court of oyer and terminer, and that the official stenographer be directed to transcribe the notes of testimony, and that a copy thereof be furnished to defendant at the cost of the county.