## Emery v. Mackiewicz

*Perry J. Shertz*, for plaintiff.

*Edward E. Hosey* and *John H. Hibbard*, for defendants.

BROMINSKI, J., October 15, 1962.—This matter comes before the court upon defendants' motion for judgment on the pleadings.

On June 6, 1960, plaintiff suffered injuries as a result of an automobile accident and thereafter on July 22, 1960, he entered a settlement for the damages and injuries arising from the aforesaid accident, executed and thereafter gave to defendants through their insurance company a release in full. On August 15, 1961, plaintiff commenced the present action in trespass by complaint to recover from defendants for injuries allegedly received as a result of the accident of June 6, 1960. Defendants filed no answer as such but did file an answer raising new matter pleading the release executed on July 22, 1960. In the reply to the new matter, plaintiff admitted the execution of the release but attempts to avoid it on the grounds that the release was induced by mutual mistake as to the injuries sustained in the accident of June 6, 1960. Thereafter defendants filed the instant motion for judgment on the pleadings.

Inasmuch as this matter comes before the court upon defendants' motion for judgment on the pleadings, all averments of fact pleaded by plaintiff and all inferences reasonably deducible therefrom must be deemed admitted: Necho Coal Company v. Denise Coal Company, 387 Pa. 567.

The pertinent allegations of plaintiff's reply to new matter which must be deemed as admitted are as follows:

"20. That the aforesaid Release was given with reference only to damage caused to Plaintiff's automobile and to injuries then and there known to the Plaintiff and to the Defendants and their representatives, which injuries were only a whiplash injury to the neck manifested by symptoms which were mild and which had cleared by July 12, 1960.

"21. That when the aforesaid Release was executed, it was unknown to the Plaintiff and his physicians, and to the Defendants and their representatives, that the Plaintiff had sustained the following injuries at the time of the accident:

"(a) Aggravation of a pre-existing asymptomatic cervical osteoarthritis.

"(b) Herniation of the cervical discs lying between the fifth and sixth cervical vertebrae and the sixth and seventh cervical vertebrae.

"(c) Cervical Brachial Syndrome involving the nerve roots lying between the fifth cervical vertebra and the eighth cervical vertebra.

"22. That the aforesaid injuries were caused by the accident of June 6, 1960, as aforesaid, but that these injuries were unknown to the Plaintiff and to the Defendants on July 22, 1960, and that these injuries remained unknown until disclosed by subsequent diagnostic procedures and surgery performed during March, 1961.

"24. That the aforesaid Release was not given with reference to the injuries set forth in Paragraph 21, above, and that the execution of the aforesaid Release was induced by a mutual mistake, on the part of all parties to this action, as to the nature of the injuries sustained by the Plaintiff as a result of the accident of June 6, 1960."

The argument and briefs submitted by counsel for both parties hereto readily agree upon the law, that a release standing alone in the absence of fraud, accident or mistake will not be set aside; that where injuries are unknown at the time of the execution of the release, a mutual mistake of fact, the release may be set aside. This is to be contrasted with the situation where the parties did know of the existence of the injuries but were unaware of their consequences. In this latter mutual event, the release cannot be set aside on the

ground of mutual mistake of fact: Kerr v. May, 24 D. & C. 2d 97; Bekelja v. James Strates Shows, Inc., 349 Pa. 442; Newland v. Lehigh Valley Railroad Company, 315 Pa. 193; Bollinger v. Randall, 184 Pa. Superior Ct. 644.

The question thus to be resolved is whether or not the plaintiff, having knowledge of the whiplash injury, falls within the category of *unknown injuries at the time of the execution of the release or one who had knowledge of the injuries but not the consequences at the time of the execution of the release.*

This can be best answered by referring to the term "whiplash injury." The term does not define any specific injury but describes circumstances under which injuries are incurred, that is to say, normally this situation comes about precisely as it did in the situation before us. An operator of a motor vehicle is struck with some force either by an abrupt cessation of his motion forward or, while in a stopped position, as here, is met with force from behind. The head is thrust rapidly forward and hence the term "whiplash" or "whiplash motion." This phenomenon may or may not precipitate injuries.

However, even if we assume that the term "whiplash" can be classified as an injury as such, in normal parlance it would refer to injuries about the neck. Plaintiff alleges in paragraph 8 of the complaint certain injuries which do not come within the purview of the definition of whiplash, for example, weakness of the right upper arm and forearm, aggravation of asymptomatic cervical osteoarthritis, atrophy of the triceps muscle of the right arm and the forearm muscles of the right arm, herniation of the cervical discs between the fifth and sixth cervical vertebrae and the sixth and seventh cervical vertebrae, cervical brachial syndrome involving nerve roots lying between the fifth cervical vertebra and the eighth cervical

vertebra, operative scar at the right hip. These certainly do not reflect as the type of injuries which would be known as whiplash at the time of the execution of the release.

In this case, as set forth in paragraph 8 of plaintiff's complaint, which for all purposes must be deemed as true, plaintiff suffered the following injuries:

"(a) Hyperextension-hyperflexion injury to the neck.

"(b) Weakness of the right upper arm and forearm.

"(c) Aggravation of asymptomatic cervical osteoarthritis.

"(d) Atrophy of the triceps muscle of the right arm and the forearm muscles of the right arm.

"(e) Herniation of the cervical discs between the fifth and sixth cervical vertebrae and the sixth and seventh cervical vertebrae.

"(f) Cervical brachial syndrome involving nerve roots lying between the fifth cervical vertebra and the eighth cervical vertebra.

"(g) Operative scar of the right anterolateral neck.

"(h) Operative scar at the right hip.

"(i) Permanent postoperative numbness in the distribution of the right lateral femoral cutaneous nerve."

These appear to be conjunctive with the injuries alleged in paragraph 21 in plaintiff's reply to new matter, supra.

Coupled with the allegation in paragraph 22 of plaintiff's reply to new matter, to wit, that these injuries were unknown to plaintiff and to defendants on July 22, 1960, and that these injuries remained unknown until disclosed by subsequent diagnostic procedures which were performed during March, 1961, we must conclude that plaintiff's case falls within the category of unknown injuries at the time of the execution of the release and hence that the release is voidable.

The case of Bollinger v. Randall, supra, is the strongest enunciation in the law which would militate against plaintiff's position. In that case, a young boy suffered severe injuries to his head. There was specific damage done to the eye; the young man was ultimately examined by an eye specialist and the specialist indicated that there was "nothing about the eye which would give the boy trouble in the future." A court-approved settlement was thereafter consummated. Subsequently the young man lost the sight of his eye. In disallowing the revocation of the settlement, the court indicated that this was the situation where plaintiff was aware of the injuries at the time of settlement but not the consequences of the injury. Therein lies the distinction between the Bollinger case and the matter at hand. Here, for the purpose of this motion and subject to proof at trial, we must conclude that plaintiff was not aware of the injuries at the time of the execution of the release.

It would appear that the court cannot sustain defendants' motion for judgment on the pleadings. While we are in accord with the theory that releases should not be lightly set aside, each case must be determined on its own peculiar factual basis.

Therefore, we render the following

### Order

Defendants' motion for judgment on the pleadings is hereby dismissed.