## Firbeck, Inc. v. Penn Card & Paper Co., Inc.

*Edward I. Swichar,* for plaintiff.
*Elias Magil,* for defendant.

BECKERT, J., December 15, 1972.—On July 17, 1972, Firbeck, Inc., a corporation with business address in San Juan, Puerto Rico, filed in this court an exemplification of a judgment rendered in their favor, as plaintiffs, in the Superior Court of Puerto Rico, San Juan Chamber, no. 68-4486. This judgment was against Penn Card & Paper Co., Inc., a defendant in that action and herein, in the amount of $8,452, plus costs. The record indicates that notice of the filing of the foreign judgment was transmitted to defendant as required by law.

Subsequently, on October 24, 1972, on the motion of attorneys for defendant, we granted a rule on plaintiff, Firbeck, Inc., to show cause why the judgment should not be stricken or, in the alternative, opened so as to allow a defense. The rule was made returnable on December 18, 1972. A stay of proceedings was granted, conditioned upon the filing of a surety bond in the sum of $10,000, which filing was accomplished by defendant.

On October 31, 1972, plaintiff filed preliminary objections to defendant's petition for a rule, which ob-

jections are in the nature of a demurrer, alleging that the defenses raised in defendant's motion were, or could have been, raised in the original proceedings in Puerto Rico and are, therefore, unavailable in the present action and insufficient as a matter of law to prevent the foreign judgment from being given full faith and credit under the United States Constitution. The preliminary objections are now before us for disposition.

We question whether plaintiff has, by its filing of preliminary objections, chosen a legally adequate means of contesting the validity of defendant's petition for a rule. As a general rule, the proper response to any petition for a rule is the filing of an answer, and it is not necessary for a respondent to file a demurrer, motion to quash, etc., because any defense available to the respondent can be set forth in his answer: Community Plan Company of Jersey Shore v. Harrison, 68 D. & C. 146 (1949). At least one case has suggested, as dictum, that a demurrer may be employed to attack a petition where the party against whom the application to open is directed seeks to raise the defense that, on its face, the petition is legally insufficient: Bekelja v. James E. Strates Shows, Inc., 349 Pa. 442 (1944). However, in that case the procedural question was not at issue and the court disposed of it summarily without clearly amplifying its reason for doing so. We, therefore, choose to rely on a number of more recent and more specific decisions which are on point with respect to whether a demurrer is allowed in a procedural setting such as this.

In the Community Plan Company case, supra, the court did not restrict itself to saying that the use of a demurrer was not necessary, but rather went further in denouncing a demurrer or motion to quash a

rule to open judgment as being procedurally improper. In Somerset Gasoline Co. v. Harrington, 25 Somerset 119 (1970), preliminary objections, in the nature of a motion for a more specific pleading, were overruled for the same reason. Similarly, it was held in Revocation of Appointment of Deputy Constable, 13 D. & C. 2d 301 (1957); Consolidated Real Estate Co. v. Northumberland County, 72 D. & C. 23 (1950); Hollinger v. Penn Harris Real Estate, Inc., 39 D. & C. 2d 201 (1966); Weder v. Stombaugh, 9 Bucks 46 (1959), that there is no such procedure in Pennsylvania as a rule to strike off a rule to show cause. A demurrer and a motion to strike or quash are quite similar in their intended purpose. Each is intended to dispose of matter pleaded or averred without the necessity of dealing with the merits of the question at issue, but, instead, by attacking the manner in which the question has been raised. Neither device seems to have a place within the narrow guidelines of the Pennsylvania Rules of Civil Procedure, 206 to 209, governing procedure on petition and answer.

Under Pa. R. C. P. 209, one who petitions to open a judgment has the right to take depositions in support of his position within 15 days after the filing and service of an answer and to have the application to open the judgment heard on the petition, answer and depositions: Smith v. Dale, 405 Pa. 293 (1961). Clearly, the rules contemplate an opportunity for the parties to argue the merits of their respective positions, and we, therefore, feel that it would be improper for us to sanction any procedural maneuvering, outside the purview of the rules. We do not believe that strict adherence to the rules will work any harm upon plaintiff-respondent in the instant case, since it can, at the time of argument, certainly offer the same rea-

sons for dismissal of defendant's petition which it has attempted to raise by preliminary objections thereto.

We, therefore, enter the following

## ORDER

And now, December 15, 1972, plaintiff's preliminary objections to defendant's petition for a rule to show cause why the judgment should not be opened or stricken are hereby overruled and dismissed, with leave granted to plaintiff to file an answer to defendant's petition and rule within 20 days from the date hereof.